Vol. 125.]     APRIL TERM, 1907.          821

Commonwealth, ex rel. Atty. Gen'l. &c., v. Carnes.

CASE 89.—PETITION FOR MANDAMUS BY THE COMMON-
WEALTH ON RELATION OF THE ATTORNEY
GENERAL AND THE COMMONWEALTH'S ATTOR-
NEY TO COMPEL THE ALLOWANCE OF AN
APPEAL.—May 23.

# Commonwealth ex rel. Atty. Gen'l &c., v. Carnes

| 125 | 821 |
| f138 | 645 |

Petition denied by appellate court, and case certi-
fied as decisive of the questions involved.

1. Criminal Law—Appeal—Review—Change of Venue—Discre-
tion of Court.—Under Ky. Stats. 1903, secs. 1111, 1112, pro-
viding that, on an application for change of venue, a hearing
may be had and witnesses introduced, the fact that the
judge, in the absence of the introduction of witnesses,
changed the place of a murder trial to a county objected
to by the attorney for the Commonwealth, presents nothing
for the appellate court to review.

2. Same—Proof on Application for Change of Venue.—Where
a written statement of the commonwealth's attorney that
lawlessness existed in the county was filed as ground for
change of venue, pursuant to Ky. Stats. 1903, sec. 1112, which
fact was personally known to the judge, no further proof
is required to change the venue.

3. Same—Withdrawing Statement.—Where, in a criminal prose-
cution, the commonwealth's attorney filed a written state-
men showing that lawlessness existed in the county, and
moved for a change of venue, under Ky. Stats, 1903, sec.
1112, he will not thereafter be allowed to withdraw such
statement.

On Rehearing.

4. Same—Change of venue.—Where, in a criminal prosecution
against several defendants, a written statement for change
of venue was filed, under Ky. Stats. 1903, sec. 1112, which
in terms included the case of only one of the defendants,
a change of venue as to all of the defendants will be not
be disturbed; the statement having been treated by court

and counsel as applying to all the cases, and the same reasons existed and were urged in the cases not included in the statement as in the one included.

N. B. HAYS, ATTORNEY GENERAL; CHARLES H. MORRIS, J. P. ADAMS and JOUETT, BYRD & JOUETT for plaintiffs.

HAZELRIGG, CHENAULT & HAZELRIGG for defendant.

OPINION OF THE COURT BY JUDGE SETTLE—Denying writ.

By petition in the name of the Commonwealth, on relation of the Attorney General and the Commonwealth's attorney for the Twenty-third judicial district, this court is asked to compel, by the writ of mandamus, the defendant, William Carnes, special judge of the Breathitt circuit court, charged with the duty of presiding on the trials of James Hargis and others under indictment for the murder of D. B. Cox, to enter of record in the Breathitt circuit court the following order: "Breathitt Circuit Court. Commonwealth of Kentucky, Plaintiff, v. James Hargis, Defendant. Order. Whereas in the order made in the Breathitt circuit court in the above-styled case and others changing the venue of said cases to the Elliott circuit court, an appeal from said order of transfer was prayed and granted to the plaintiff, but by oversight or inadvertence the order as entered of record fails to show that such was done, it is now ordered nunc pro tunc and for the purpose of completing said order of transfer that an appeal from same was and is prayed by the plaintiff, and that the same was and is granted." It is averred in the petition that the prosecutions against Hargis and others for the murder of D. B. Cox were illegally transferred, and the venue changed from the Breathitt

to the Elliott circuit court by the defendant, Carnes, as special judge, over the protest and against the objection of the Commonwealth's attorney, who at the time excepted to the several rulings of the court and to the orders transferring the cases, and also prayed and was granted an appeal therefrom. It is further averred in the petition that the record in respect to the change of venue was made to show the exceptions taken by the Commonwealth's attorney on behalf of the Commonwealth to the orders in question, and others as to the various rulings of the court, but failed to show that the appeal was prayed or granted; that the failure of the record to show the prayer for and granting of the appeal was not discovered by any of the counsel representing the Commonwealth until after the adjournment of the court for the term and the departure of the special judge for his home in another county; that following the discovery of the error in the record, the order above quoted was prepared by the commonwealth's attorney, taken to the home of the special judge, and presented to him for examination, with the request that he approve and have it recorded, and, if necessary, that he call a special term of the Breathitt circuit court for that purpose; that the special judge took time to consider the matter, and some days later by mail returned the order to the Commonwealth's attorney, accompanied by a letter informing him, in substance, that he (the special judge) would not approve the order or have it entered of record, and further that he had not the right to do so, as the term had ended, and he was without power to call a special term of court for that purpose.

The defendant demurred to the petition, and also filed answer. The answer admits his refusal to

approve or have entered the order referred to, and
gives his reason therefor, but denies that an appeal
was asked in behalf of the Commonwealth. The
answer contains the averment that before defendant
left the county seat of Breathitt county for his home,
he gave one of the counsel for the commonwealth per-
mission to enter of record such further orders as
might be necessary to protect the interest and rights
of the commonwealth with respect to the transfer of
the cases against Hargis and others to Elliott county,
and, if an appeal from the ruling and judgment of the
court in the matter of the change of venue was desired
on behalf of the commonwealth, it was and is the fault
of counsel that the record fails to show that such
appeal was asked and granted. Much of the affirma-
tive matter of the answer was controverted by
reply, and numerous affidavits were filed by the
parties in support of their respective contentions.

In view of the necessary delay on the part of coun-
sel in preparing this case for hearing, and the further
fact that if the writ of mandamus, applied for, were
granted, it would be impossible for the commonwealth
to take the appeal intended to follow its issual, in time
for this court to review the order of the special judge
changing the venue of the cases to the Elliott circuit
court, before the beginning of the special term of that
court called for their trial, we have concluded to
waive all formalities, and proceed to a decision of the
principal question at issue as if the case were regu-
larly before us by appeal. We will not, therefore,
discuss the evidence before us, or decide the issues
of fact raised by the pleadings. The question we
think it necessary to decide is: Did the special judge
err in transferring the case against Hargis and others
to Elliott county?

It is conceded by all parties that the cases should have been removed from Breathitt county for trial, but insisted for the commonwealth that they should not have been transferred to the Elliott circuit court. Section 1109, Ky. Stats., 1903, provides: ''When a criminal or penal prosecution is pending in any circuit court, the judge thereof shall, upon the application of the defendant or the commonwealth, order the trial to be had in some other adjacent county to which there is no valid objection, if it appears that the defendant or the commonwealth can not have a fair trial in the county where the prosecution is pending; and if the judge is satisfied that a fair trial can not be had in an adjacent county, he may order the trial to be had in the most convenient county in which a trial may be had.'' Section 1110 directs how the defendant shall proceed in applying for a change of venue, and how the matter is to be determined by the court. Section 1111 provides: ''If the application is made by the commonwealth, a petition stating the reasons therefor and signed by the commonwealth's attorney shall be filed in court, and reasonable notice in writing of the time when the application will be made must be given the defendant, or if he be absent from the county, to his attorney; and the application shall be heard and determined as provided in the next preceding section.'' That is, the court shall in open court ''hear all the witnesses that may be produced by either party, and from the evidence determine whether or not the appellant is entitled to a change of venue.'' Section 1112 provides yet another ground for a change of venue: ''Whenever any judge shall be satisfied from his own knowledge, and from the written statement of the commonwealth's attorney, that such a state of lawlessness exists in any county

that the officers will be prevented from discharging their duties, or the jurors be deterred from rendering an impartial verdict, he may order the prosecution removed to some other county in which a fair trial can be had; and the fiscal court of the county from which such removal is made shall allow and pay the costs thereof out of the county levy.''

It appears from the record before us that the special judge, himself, suggested that such a state of lawlessness existed in Breathitt county as would authorize a change of venue under the provisions of section 1112, Ky. Stats., 1903, but that he doubted whether he had the power to make the transfer without the written statement from the commonwealth's attorney required by that section and also section 1111. Whereupon, the commonwealth's attorney prepared and filed the necessary petition or statement asking the change of venue, which the court granted. The question then arose between court and counsel as to the county to which the cases should be sent. At that juncture counsel representing the commonwealth and the defendants were asked by the court to confer and see if they could agree upon a county to which to send the cases. Counsel failed to agree, and this was reported to the special judge, and he at once announced that he would transfer the case to Elliott. To this, the commonwealth's attorney immediately and strenuously objected. Much discussion of the matter followed, in which counsel for the commonwealth agreed to a removal of the cases to several other counties more or less convenient and accessible than Elliott, and argued that it would place the prosecution at great disadvantage to remove the cases to Elliott county because of the great distance of its county seat from the place of the homicide and resi-

dence of the witnesses and counsel; that there was no railroad to the county seat of Elliott county, telegraph line, or other means of communication, to afford facilities for securing the attendance of parties and witnesses, or hotel accommodation for them after their arrival there; and, furthermore, that the removal of the cases to Elliott county would give the defendants an undue advantage over the commonwealth, because of the kinship of the Hargis family to a large number of influential people in that county.  On the other hand, counsel for the defendants objected to the counties named by counsel for the commonwealth, and, though not asking a change of venue, said they would make no objection to the cases being sent to Elliott county.  Neither side offered any evidence in support of their contention, and none was heard, and the discussion ended with an announcement from the special judge that he would adhere to his previously expressed conclusion to transfer the cases to Elliott county, and the order to that effect was accordingly entered.

It is insisted for the commonwealth this was error. This court has repeatedly held, in respect to this question, and such is now the well-settled rule, that it will not disturb the decision of the trial judge, either in granting or refusing a change of venue, unless it was based upon some ground not authorized by the statute, or amounted to an abuse of discretion. Thus, in Mount v. Commonwealth, 120 Ky. 398, 86 S. W. 707, 27 Ky. Law Rep. 788, it is said: "The question was one to be settled by that court upon the proof.  The burden was upon the appellant to show that he could not get a fair trial in McCracken county. And while this court may properly review the decision of the lower court in granting or refusing a change of

venue, it will not interfere with its exercise of discretion in that matter, unless it is made to appear with reasonable certainty that there was manifest error upon the part of that court in its decision of the question." Dilger v. Commonwealth, 88 Ky. 550, 11 S. W. 651, 11 Ky. Law Rep. 67; Fletcher v. Commonwealth, 123 Ky. 571, 96 S. W. 855, 29 Ky. Law Rep. 955.

What we have said as to the trial court's discretion in granting or refusing a change of venue applies with equal·force to its selection·of the county to which the case is to go after the necessity for the change of venue shall have been determined; that is, the lower court's selection of the county to which to transfer the case can not be interfered with by this court, "unless it is made to appear with reasonable certainty that there was error upon the part of that court in its decision of the question." The question, therefore, of whether the venue should be changed, and if so, the county to which the case shall be removed, must be determined by the court upon the grounds presented therefor, and all the facts and circumstances before it, and the court should "hear all the witnesses that may be produced by either party." In the cases under consideration, the special judge heard no witnesses, for none were introduced or offered by either party; and, this being true, we do not think the commonwealth can rightfully complain of the action taken by the court. As the ground for the change of venue was the lawlessness existing in Breathitt county, and that fact was made to appear by the written statement of the commonwealth's attorney, and was, besides, personally known to the special judge from what had occurred at the previous·term of the court, he had the right to remove the cases to another county without further proof as to the cause for such removal, as

provided by section 1112, Ky. Stats., 1903, which, as before indicated, declares that: "Whenever any judge shall be satisfied from his own knowledge, and from the written statement of the commonwealth's attorney, that such a state of lawlessness exists in any county that the officers will be prevented from discharging their duty, or the jurors be deterred from rendering an impartial verdict, he may order the prosecution removed to some other county in which a fair trial may be had. * * *" When the commonwealth's attorney objected to the transfer of the cases to Elliott county, he should have offered testimony to prove the soundness of his reason for resisting the transfer to that county, and by that means given this court, in the form of a bill of exceptions, the evidence upon which the special judge based his action. It may be true that the special judge ought to have removed the cases to some more convenient and accessible county, to which no valid objection could be made; but, in the absence of evidence conducing to prove an abuse of discretion, we can not say that he erred in the action taken.

It is insisted for the commonwealth that the commonwealth's attorney's request, made before the order changing the venue of the cases was entered, to be permitted to withdraw the written statement for such change, should have been granted by the special judge. We do not think this ruling of the special judge was error. The attempted withdrawal of the written statement for the change of venue was not because the commonwealth's attorney had, in filing it, acted under a misapprehension of law or fact; nor was his request to withdraw it based upon any change of mind as to the necessity for a change of venue. His only reason for desiring its withdrawal was that he

opposed the transfer of the cases to Elliott county, and hoped thereby to prevent such transfer. Having filed the statement to induce the special judge to grant the change of venue, it was not proper for the commonwealth's attorney to withdraw it to defeat the very purpose for which it was filed. Counsel will not be permitted to experiment upon the court by taking action to procure of it a ruling on a given question, and because the decision on that question, however erroneous, is adverse to his interest or contention, attempt to render it nugatory by withdrawing the action on his part which induced it.

For the reasons indicated in the foregoing part of the opinion, we do not grant the writ of mandamus asked, but certify this opinion to the parties concerned and the lower court, as the law applicable to the questions with respect to which the commonwealth desires an appeal.

## On Rehearing.

Since the opinion in this case was handed down, we have received from the Attorney General a petition for its modification, containing the suggestion that as the written statement filed by the commonwealth's attorney as the basis for the application for the change of venue ordered by special Judge Carnes, in the cases against James Hargis and others, named only the case against Hargis, the change of venue as to the other defendants was unauthorized. We do not concur in this view of the matter. It is true the statement in question includes in terms only the Hargis case; but it is manifest from the record that it was intended to apply to the cases of the other defendants as well, or, at any rate, it was so treated by court and

Commonwealth, ex rel. Atty. Gen'l. &c. v. Carnes.

counsel. Moreover, the defendants were all indicted for the murder of D. B. Cox, either as principals or acsessories, and the same reasons existed and were urged for the change of venue in the cases of the other defendants that were presented in the case of Hargis. This being true, we think the statement of the commonwealth's attorney was properly treated by the special judge as applying to all the cases. Besides, the nunc pro tunc order, for the entering of which the writ of mandamus was asked against the special judge, embraced the cases against all the defendants indicted for the homicide in question. So, in view of these facts, and the further fact that the failure of counsel for the commonwealth to introduce in the lower court evidence in resistance of the transfer to Elliott county of the cases against the other defendants, as well as in that of Hargis, prevents us from reviewing the ruling of the special judge in ordering them to that county, we perceive no cause for modifying the opinion as suggested by the Attorney General.

The petition is therefore overruled.