CASE 82.—PETITION BY GROVER C. FISH IN COURT OF AP-
PEALS AGAINST J. M. BENTON CIRCUIT JUDGE.—
June 10, 1910.

## Fish v. Benton, Judge.

## Petition heard in Court of Appeals—Writ refused.

1. Criminal Law—Appeal—Discretion of Lower Court—Change
of Venue.—The Court of Appeals will not disturb the decision
of the trial judge either in granting or refusing a change of
venue in a criminal case, unless it was based on some ground
not authorized by the statute or amounted to an abuse of dis-
cretion.

2. Jury—Right to Jury from Vicinage.—Bill of Rights, section
11, provides for trial of accused by a jury of vicinage, and for
a change of venue for both defendant and the commonwealth.
Held, that the statute, providing for change of venue, not
requiring effort by the court to obtain a jury from the county
where the prosecution is pending, the failure of the court to
make such effort was not violative of the Bill of Rights.

3. Prohibition—Existence of Remedy at Law.—The Court of
Appeals will not exercise the power given it by Const. sec-
tion 110, empowering it to issue such writs as are necessary
to give it a general control of inferior jurisdictions, where
the party has some other relief; and hence prohibition will
not lie to prevent a trial judge from changing on application
of the state the venue of a criminal case, defendant having an
adequate remedy by appeal.

J. A. SULLIVAN, A. R. BURNAM, JR., C. C. WALLACE and S.
M. WALLACE for relator.

JAS. BREATHITT attorney general, T. B. BLAKEY assistant
attorney general, A. F. BYRD, J. TEVIS COBB and B. A.
CRUTCHER for respondent.

OPINION OF THE COURT BY JUDGE SETTLE.

The petitioner, Grover C. Fish, a resident of Madi-
son county, was indicted by the grand jury of that

county for the crime of murder, alleged to have been committed by his shooting and killing one Samuel C. Welch. At a recent term of the Madison circuit court, the judge thereof and respondent herein, the Honorable J. M. Benton, on the petition of the commonwealth's attorney of the judicial district, filed in the case pending against the petitioner, granted a change of venue therein and transferred the case to the circuit court of Jessamine county for trial; that county being in the judicial district of which the respondent is the regular judge. The petitioner objected to the change of venue, and excepted to the order granting same, and now asks of this court a writ of prohibition to prevent the transfer of his case to Jessamine county for trial; the application therefor being based on the grounds that the change of venue was unauthorized by the evidence, and was in violation of his rights under the Constitution and laws of the state. The response of the circuit judge, in substance, traverses such of the averments of the petition as denied his right to grant the change of venue, and sets forth his reasons for granting same. The petition for the change of venue seems to conform to section 111, Ky. St. (Russell's St. sec. 3221), and the evidence introduced by the commonwealth conduced to prove the necessity for the change. It is likewise true that the evidence introduced by the petitioner, Fish, in opposition to the change, conduced to prove that the commonwealth could obtain a fair trial of the case in Madison county, and that he would be greatly prejudiced by its removal to, and a trial in, any other county than Madison, and especially so by a trial in Jessamine county.

We will not enter upon a discussion of the evidence. It was very conflicting, but, as said in Com-

monwealth v. Carnes, 125 Ky. 821, 102 S. W. 284, 31 Ky. Law Rep. 391: "This court has repeatedly ·held in respect to this question, and such is now the well-settled rule, that it will not disturb the decision of the trial judge, either in granting or refusing a change of venue, unless it was based upon some ground not authorized by the statute, or amounted to an abuse of discretion." Again in Mount v. Commonwealth, 120 Ky. 398, 86 S. W. 707, 27 Ky. Law Rep. 788, we find this statement of the law: "The question was one to be settled by that court upon the proof. The burden was upon the appellant to show that he could not get a fair trial in McCracken county. And, while this court may properly review the decision of the lower court in granting or refusing a change of venue, it will not interfere with its exercise of discretion in that matter, unless it is made to appear with reasonable certainty that there was manifest error upon the part of that court in its decision of the question." Dilger v. Commonwealth, 88 Ky. 550, 11 S. W. 651, 11 Ky. Law Rep. 67; Fletcher v. Commonwealth, 123 Ky. 571, 96 S. W. 855, 29 Ky. Law Rep. 955.

We are not prepared to say that the granting of the change of venue of this case by the respondent was an abuse of discretion, and, unless satisfied that such was the case, interference upon our part with his action in that matter would be unwarranted.

We cannot concur in the petitioner's contention that the respondent before granting a change of venue should have attempted to secure a jury from Madison county to try him, and that his failure to make such effort was a violation of the defendant's rights under section 11 of the Bill of Rights of· the State Constitution. The statute providing for a

Fish v. Benton, Judge.

change of venue, either to the commonwealth or defendant, does not require that an effort should be made by the court to obtain a jury from the county where the prosecution is pending, or from an adjoining county to try the case before granting such change. The case cited by petitioner in support of his contention was decided by this court before the adoption of the present Constitution, and we do not feel bound by its conclusions.

But, beyond all that we have said, it has been uniformly held by this court that it will not exercise the power given it by section 110, Const., to control subordinate courts in matters like this where the party asking its interposition has some other adequate remedy; the latest decision of the court to that effect being found in the case of Rush v. Denhardt, 127 S. W., 785., 139 Ky. —. The petitioner will have the right of appeal should the case go against him upon final trial in the circuit court of the county to which it is to be removed, which will afford him an adequate remedy, if it should result that the respondent committed an error in changing the venue of this case to Jessamine county.

For the reasons given, the writ of prohibition is refused.

O'Rear, Nunn, and Lassing, JJ., dissenting.