## Conley v. Commonwealth.

(Decided May 7, 1929.)

WAUGH & HOWERTON, A. N. CISCO and H. C. ROSE for appellant.

J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Rollie Conley was indicted for the crime of rape in Morgan county. There were three trials of the case in the Morgan circuit court. The jury were unable to agree. After this, on October 16, 1928, the commonwealth attorney filed a petition for a change of venue, setting out this fact, and alleging that the facts of the case were generally known and discussed throughout Morgan county;

that the defendant's relatives and friends, who were numerous, had devoted much time to molding sentiment in favor of the defendant; and that the sentiment of the people of the county was such that neither the commonwealth nor the defendant could obtain a fair and impartial trial in the county. Two affidavits were filed sustaining the petition, and on the hearing of the application for a change of venue the court, over the objections of the defendant, transferred the case to the Carter circuit court for trial. The case was tried in the Carter circuit court at the next term. The defendant was found guilty, and his punishment was fixed at death. He appeals.

The application for a change of venue was made under section 1111, Kentucky Statutes, which provides that the application shall be heard and determined as provided in the next preceding section, which contains this provision: "If objections are taken and sustained to all the adjoining counties, then the change shall be made to the nearest county to which there is no valid objection, giving preference to counties of the same judicial district." Ky. Stats. sec. 1110.

Carter county is not an adjoining county to Morgan. There was no evidence showing any reason why a fair trial could not be had in any of the adjoining counties. By section 7 of the Constitution the ancient mode of trial by jury shall be held sacred, and by section 11 the defendant "shall have a speedy public trial by an impartial jury of the vicinage." While the statute authorizing a change of venue by the commonwealth, where a fair trial cannot be had in the county, has been upheld, the court has steadily enforced the statute that a change of venue can only be sustained to a county not adjoining the county in which the offense occurred, where objections are taken and sustained to all the adjoining counties.

The statute has been in force for many years, practically in the same words. In Kennedy v. Commonwealth, 78 Ky. 449, the court has construed it: "These provisions, construed together, seem to contemplate that a change of venue shall always be made to an *adjoining* county, unless objection be taken to all of such counties, and it is only when there is no adjoining county to which objection has not been taken and sustained that the change is 'to be made to the nearest county to which there is no valid objection.'" This was followed in

Lightfoot v. Commonwealth, 80 Ky. 516; Miller v. Cabell, 81 Ky. 183.

The defendant was unable to give bond and was in custody. He was tried in Carter county without a witness on his behalf. The trial was had about 100 miles from his home. He was a poor man, and without means to bring his witnesses to the trial. There being no objection shown to any of the adjoining counties, to sustain the removal of the case to Carter county would be in effect to deny the defendant the protection of the constitutional provision guaranteeing him a trial in the vicinage. Under the statute, when a change of venue is had because a fair trial cannot be had in the county where the indictment was found, the removal must be to an adjoining county, unless objection is established to all adjoining counties. In the absence of such a showing, the removal should be had to the most convenient adjoining county to which no objection is shown. In this case, under all the circumstances, the removal of the case to Carter county cannot be sustained under the statute. The order of removal was not void. It was simply erroneous. On the return of the case the Carter circuit court will remand the case to the Morgan circuit court, and on the return of the case to the Morgan circuit court that court will make proper orders for the disposition of the case.

The court perceives no error in the admission of evidence. In Mitchell v. Com., 78 Ky. 219, and Com. v. Hourigan, 89 Ky. 305, 12 S. W. 550, 11 Ky. Law Rep. 509, it was held that, when the defendant testifies in a criminal case, he may be impeached as any other witness by proof of bad character for truthfulness or morality at the time of the trial. The evidence is only competent for this purpose, and the court should so tell the jury; Combs v. Com., 160 Ky. 395, 169 S. W. 879; Owens v. Com., 188 Ky. 498, 222 S. W. 524; Hill v. Com., 191 Ky. 483, 230 S. W. 910. In rebuttal the defendant may show that his character was good before this charge was made against him. The matters complained of as misconduct will probably not occur on another trial.

Judgment reversed, and cause remanded for further proceedings consistent herewith.