# Manning et al. v. Baxter, Judge.

Feb. 9, 1940.

Ross, Ross & Bayer, James S. Lackey, A. T. W. Manning and William Lewis for petitioner.

G. Murray Smith and Hubert Meredith, Attorney General, for respondent.

OPINION BY JUDGE FULTON—Overruling writ of prohibition and dismissing petition.

On November 13, 1938, Bev P. Lyttle was wounded in a fight in Manchester and died later in Laurel County from his wounds. On November 16, 1938, the petitioners, I. S. Manning and Edward M. Manning, together with one Hipshire, were indicted in Laurel County for his murder. Hipshire was tried and acquitted. Subsequent to his acquittal a petition for change of venue as to petitioners was filed by the Commonwealth's Attorney. Evidence was heard and a change of venue was granted to Madison County. The order granting the change of venue recites that oral objections were made, either by the Commonwealth or by the defendants, to transferring the case to all counties adjacent to Laurel and that these objections were sustained, whereupon the venue was changed to Madison County.

The petitioners appeared in the Madison Circuit Court and objected to its jurisdiction. Their objection was overruled, whereupon they made a motion to remand to the Laurel Circuit Court. Evidence was heard on this motion and it was overruled. This original proceeding was then instituted in this court against the respondent, Hon. William J. Baxter, Judge of the Madison Circuit Court, seeking a writ of prohibition against him to prohibit him from proceeding with the trial of the case and in effect to require him to remand the case to the Laurel Circuit Court.

The power conferred on this court by Section 110 of the Constitution to exercise supervisory control over inferior courts by original writ has uniformly been restricted to cases in which the inferior court 1) lacks jurisdiction or is proceeding beyond its jurisdiction and 2) is proceeding erroneously within its jurisdiction and great and irreparable injury will result to the complaining party for which there is no adequate remedy by appeal or otherwise. Ledford v. Lewis, Judge, 227 Ky. 396, 13 S. W. (2d) 276; Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395; Duffin v. Field, 208 Ky. 543, 271 S. W. 596. The petitioners recognize this rule and do not seek to challenge it. To bring themselves within the terms of it and in order to manifest their right to the relief sought they contend 1) that the Madison Circuit Court is without jurisdiction to try them and 2) even though that court has jurisdiction nevertheless its action, if it tried the case, would be erroneous and they would suffer great and irreparable injury and have no adequate remedy by appeal.

Petitioners' contention that the Madison Circuit Court has no jurisdiction is based largely on their argument that the Laurel Circuit Court illegally changed the venue of the action to the Madison Circuit Court because Madison County is not a county adjacent to Laurel and no evidence was introduced on the motion for a change of venue showing valid objection to any adjacent county. The further argument is made that respondent's court has no jurisdiction because the petition for change of venue was insufficient in form and substance.

It is true that a change of venue can only be sustained to a nonadjacent county where objections are taken and sustained to all adjacent counties. Kentucky Statutes, Section 1109; Conley v. Commonwealth, 229 Ky. 358, 17 S. W. (2d) 201. An examination of the evidence heard on the motion for a change of venue discloses that no evidence was heard by the trial court on the objections to the adjoining counties. Nevertheless, the order granting the change of venue recites that oral objections were taken to all adjoining counties and sustained by the court. Thus it is seen that the Laurel Circuit Court made a ruling and determined that valid objections to the adjacent counties had been made. Its action, therefore, pursuant to that determination, in select-

ing a nonadjacent county as the place of trial, can in no sense be said to be void—such action, if wrong, was only erroneous. The same considerations are applicable to the argument that the petition for a change of venue was insufficient. Though it be conceded that such was the case, nevertheless there was a petition and the Laurel Circuit Court judicially determined that it was sufficient. Its action in so doing, if wrong, was erroneous only and not void. Since the action of the Laurel Circuit Court in granting the change of venue, if wrong, was merely erroneous, the respondent is not proceeding beyond his jurisdiction in attempting to try the case.

Another answer to petitioners' contention is that the position taken by them is not in fact, though so called, a challenge to the jurisdiction of the Madison Circuit Court—it is only a challenge to the venue of the action as laid in that court. "Jurisdiction" and "venue" are frequently confused and the fundamental error in petitioners' contention lies in this confusion. The Madison Circuit Court undoubtedly has jurisdiction to try the class of action here involved—it has jurisdiction of the subject matter. The question here is one of jurisdiction of the person, a question that relates, not to the court's jurisdiction, but to the venue of the action. The Statutes, Section 1109 et seq., governing the right to have an action transferred to another court recognize this by providing for a change of venue, not jurisdiction. Therefore, since the right of the Madison Circuit Court to try petitioners is dependent on a question of venue and not jurisdiction, that court is neither lacking in jurisdiction nor proceeding beyond its jurisdiction within the meaning of the rule above announced as to when writs of prohibition from this court may issue. The word "jurisdiction," as used in that rule, means jurisdiction of the subject matter. See Cushing, Justice of the Peace, v. Doudistal, 278 Ky. 779, 129 S. W. (2d) 527.

There is no merit in the petitioners' contention that great and irreparable injury would result to them and that they have no adequate remedy by appeal if they are tried and convicted in the Madison Circuit Court. The fact that they may be unable to execute bond pending appeal from such a conviction is not sufficient to take the case out of the general rule that an ap-

peal furnishes a full, adequate and complete remedy. Burchell v. Tarter, Judge, et al., 242 Ky. 612, 47 S. W. (2d) 75. The only additional burden imposed on the petitioners in being tried in the Madison Circuit Court is the additional expense involved and difficulty in obtaining witnesses. This is the usual and ordinary burden imposed on a party as a result of a change of venue and is not that character of burden constituting great and irreparable injury that justifies this court in holding that a complete and adequate remedy is not afforded by appeal.

The question involved here is no longer an open one in this state. In Fish v. Benton, Judge, 138 Ky. 644, 128 S. W. 1067, it was held that prohibition will not lie to prevent a trial judge from changing the venue of a criminal case on application of the commonwealth since the defendant has an adequate remedy by appeal if the action of the trial court in granting the change of venue is erroneous. This case has been cited as authority in many subsequent decisions and has never been modified or overruled. If prohibition does not lie to prevent the Laurel Circuit Court from changing the venue of the action to Madison County, it necessarily follows that it will not lie to prevent the Madison Circuit Court from proceeding with the trial of the action. Were the respondent prohibited by this court from proceeding with the trial of the petitioners, such action would necessarily result in directing him to remand the case to the Laurel Circuit Court and thereby would be accomplished by indirection that which was held in Fish v. Benton could not be accomplished directly. Since a writ of prohibition may not issue to prevent a trial court from erroneously changing the venue of an action it follows as the night the day that one may not issue to prevent the judge of the court to which the venue has thus been changed from proceeding with the trial of it.

No opinion is expressed as to the correctness or incorrectness of the Laurel Circuit Court's action in granting the change of venue.

The petitioners' motion for a writ of prohibition is overruled and their petition is dismissed.