**Tina PETTIT (formerly Hawkins), Appellant,**

**v.**

**Hon. Larry RAIKES, Judge, Hart Circuit Court, Appellee,**

**and**

**Johnnie Leland Hawkins, Real Party in Interest.**

**No. 92–SC–1023–MR.**

Supreme Court of Kentucky.

May 27, 1993.

Ted W. Spiegel, Louisville, for appellant.

Larry Raikes, Judge, Hart Circuit Court, Hart County Courthouse, Munfordville, Jon W. Goodman, Munfordville, for appellees.

LAMBERT, Justice.

This appeal is from an original action in the Court of Appeals for prohibition against the Honorable Larry Raikes, Judge of the Hart Circuit Court. In the original action, appellant herein sought to prohibit Judge Raikes from hearing the motion of her former husband, real party in interest herein, which sought modification of a child custody decree. The Court of Appeals denied prohibition and this matter of right appeal followed.

In 1986, appellant Tina Petit and real party in interest Johnnie Leland Hawkins were divorced by judgment of the Hart Circuit Court. Custody of the parties' three children was awarded to Tina. While it appears that Tina left Hart County during the pendency of the divorce action, there is no contention here that the judgment rendered lacked a proper jurisdictional and venue basis. In 1992, Tina brought an action in the Jefferson Circuit Court seeking an increase in the amount of child support Johnnie should be required to pay. About one month later, Johnnie brought an action, which Tina characterizes as retaliatory, for custody modification in the Hart Circuit Court. Tina moved to dismiss the custody case but her motion was overruled.

In its order, the court first noted the indisputable proposition that circuit courts possess jurisdiction over child custody cases. It then concluded that the only legitimate inquiry related to venue. Discern-

ing no controlling authority in *Quisenberry v. Quisenberry*, Ky., 785 S.W.2d 485 (1990), and noting that one parent and extended family members of both parents resided in Hart County, the court found no compelling reason for the Hart Circuit Court to decline the case in favor of some other venue.

The Court of Appeals refused to prohibit the trial court from hearing the case. Rejecting Tina's argument that *Quisenberry* defined the jurisdiction of circuit courts in cases of this type, the Court of Appeals agreed with the trial court that the issue was whether the Hart Circuit Court was the proper venue. It concluded that an action for prohibition was not a proper vehicle to challenge a venue determination and concluded that the question should be presented by appeal from a final judgment.

For her claim of entitlement to the extraordinary remedy of prohibition, appellant relies on language in *Quisenberry* as follows:

"By its terms a court entering an original custody decree may be required to refuse *jurisdiction* of a subsequent motion to change custody because of the child's present living arrangements and place of residence. Thus, the U.C.C.J.A. is a threshold consideration in every case, and the prefatory reference to it in KRS 403.340(2) does no more than make clear that when a court is asked to entertain a change of custody case it shall not do so unless the circumstances covered by the U.C.C.J.A. are present." *Id.* at 488. (Emphasis added.)

From the foregoing quotation, appellant has reasoned that since jurisdiction is the issue, prohibition is the remedy.

■ While it is true that *Quisenberry* utilized the concept of jurisdiction and applied the U.C.C.J.A., including KRS 403.-340(2), to intrastate cases, the Court did not intend to abolish other traditional bases for jurisdiction in child custody cases. Language in *Quisenberry* which may be construed to the contrary notwithstanding, the U.C.C.J.A. is not the only doctrinal basis for the power of circuit courts to decide child custody cases. When the custody dispute is wholly intrastate, the issue is not jurisdiction, it is venue. In such circumstances, any circuit court in Kentucky possesses jurisdiction to decide the case; the only question is which of Kentucky's 120 circuit courts is the appropriate venue.

■ Having determined that the issue is venue and not jurisdiction, this Court's decision in *Shumaker v. Paxton*, Ky., 613 S.W.2d 130 (1981), controls the outcome. On facts not dissimilar to these, the Court held that one aggrieved by a venue determination may not obtain a writ of prohibition, but must proceed by appeal from a final judgment.

As a practical matter, in view of the frequency of intrastate family relocation during and after the dissolution of marriage, the occurrence of disputes such as this is not unusual. If appellate courts should undertake to decide every venue dispute via a petition for writ of prohibition, they would do little else. Unless it appears that the traditional requirements for obtaining extraordinary relief have been satisfied, appellate courts will refrain from disrupting the ordinary processes of trial courts and confine their activities to the review of final judgments. *Bender v. Eaton*, Ky., 343 S.W.2d 799 (1961); *National Gypsum Co. v. Corns*, Ky., 736 S.W.2d 325 (1987).

For the foregoing reasons, we affirm.

All concur.