# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2014-SC-000322-MR

DATE 3-12-15 EnAGroump.c.

JOHN D. SANDLIN                                                    APPELLANT


                        ON APPEAL FROM COURT OF APPEALS
V.                          CASE NO. 2014-CA-000297-OA
                    RUSSELL CIRCUIT COURT NO. 13-CI-00372 AND
                    MARION CIRCUIT COURT NO. 14-CI-00042


HONORABLE VERNON MINIARD, JR.,
CIRCUIT JUDGE, RUSSELL CIRCUIT COURT                               APPELLEE

AND

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY                                     REAL PARTY IN INTEREST


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

The Appellant, John D. Sandlin, appeals the denial of his petition for a writ of prohibition to bar enforcement of an order transferring venue of his civil action against his insurer, Kentucky Farm Bureau, to another county. The Court of Appeals denied the petition. Sandlin has failed to show the availability of a writ in this case, and the order of the Court of Appeals is affirmed.

**I. Background**

The Appellant, John D. Sandlin, was injured in a car wreck in Marion County, Kentucky. He settled with the tortfeasor. He then claimed that the tortfeasor had been underinsured and filed a claim on his own insurance policy, which included both uninsured motorist (UM) and underinsured

motorist (UIM) coverage. His insurer, Kentucky Farm Bureau, denied the claim. Sandlin, who lives in Russell County, filed a civil action in Russell Circuit Court seeking UIM benefits and damages for Kentucky Farm Bureau's bad faith in denying his claim.[1]

Kentucky Farm Bureau filed a motion to dismiss, claiming that venue was improper in Russell County. The motion argued as an alternative that venue should be transferred either to Marion County, the site of the car wreck, or to Jefferson County, the site of Kentucky Farm Bureau's principal place of business. The trial court granted the alternative relief and transferred the case to Marion Circuit Court.

Sandlin filed a motion to amend, alter or vacate this order, and the motion was denied. Sandlin then filed a petition for a writ of prohibition[2] at the Court of Appeals seeking to bar the Russell Circuit Court's order transferring the underlying case. He argued that the trial court abused its discretion and that he would suffer immediate and irreparable injury from having to travel to Marion County, approximately 60 miles away, to litigate his case. The Court of Appeals denied the petition with a short order.

This appeal followed as a matter of right. *See* CR 76.36(7)(a) ("An appeal may be taken to the Supreme Court as a matter of right from a judgment or final order in any proceeding originating in the Court of Appeals."); Ky. Const.

---

[1] In the complaint, Sandlin specifically asked for $10,000 in damages for the bad-faith claim.

[2] Kentucky Farm Bureau's counsel incorrectly describes this action as an "appeal." A writ petition is an original action under Civil Rule 76.36; it is not an appeal.

§ 115 ("In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court ....").

## II. Analysis

Before turning to the parties' arguments, it must first be noted that the extraordinary writs of prohibition and mandamus are disfavored. *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961); *see also Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008). Because writs stem from original actions in an appellate court, they "bypass[] the regular appellate process and require[] significant interference with the lower courts' administration of justice." *Cox*, 266 S.W.3d at 795. They also proceed on abbreviated, if not nonexistent, records, which "magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants." *Id.* "To maximize caution and to reduce the resources wasted on writ proceedings, the majority of which are unsuccessful, this Court has articulated a strict standard to determine whether the remedy of a writ is available." *Id.* at 796. The standard "is a practical and convenient formula for determining, prior to deciding the issue of alleged error, if petitioner may avail himself of this remedy." *Bender*, 343 S.W.2d at 801.

The strict standard for availability states:

> A writ of prohibition *may* be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

3

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). Under this standard, there are in essence two classes or categories of writ action: those where the trial court is alleged to be acting outside its jurisdiction and those where the trial court is acting within its jurisdiction but is alleged to be acting erroneously. Failure to show the *Hoskins* prerequisites usually results in dismissal of the writ action. *Bender*, 343 S.W.2d at 801. And it is only upon satisfaction of the prerequisites that the appellate court will look at the merits of the petitioner's claims.[3] *Id.* The burden to make the required showings is on the petitioner, which in this case was the Appellant, Sandlin.

Sandlin claims that he has satisfied both classes of writs. First, he argues, the trial court "abused its jurisdiction" in transferring the case to Marion Circuit Court. Second, he argues, he will suffer immediate and irreparable injury because he will be forced to travel to litigate his claim.

First, as to the jurisdictional claim, it is clear that Sandlin's claim fails. Indeed, the way he frames his claim—as an *abuse* of discretion—shows why that must be the case. Jurisdiction, as used in *Hoskins*, refers to subject-matter jurisdiction, that is, the court's power to hear a certain type of case, *see Goldstein v. Feeley*, 299 S.W.3d 549, 552 (Ky. 2009), not a mere legal error. When the complaint is that another of the Commonwealth's circuit courts should hear the matter, rather than that no circuit court may do so, "the issue is not jurisdiction, it is venue." *Pettit v. Raikes*, 858 S.W.2d 171, 172 (Ky.

---

[3] Litigants often presume that they will get the writ sought simply by satisfying the *Hoskins* test. This view is mistaken and too common. Even after making the *Hoskins* showing, a petitioner must still show legal error by the trial court. And even then, the appellate court is not compelled to grant the writ, issuance of which always lies in the court's sound discretion.

4

1993). Complaints about venue are therefore not complaints of lack of jurisdiction. Thus, Sandlin's complaint is not that the trial court did not have subject-matter jurisdiction (otherwise his own action would have to be dismissed), but that the court abused its jurisdiction by acting erroneously in deciding a venue question.

Nevertheless, he argues, this Court has previously held that a court acts beyond its jurisdiction when it improperly transfers venue of a case. *See Beaven v. McAnulty*, 980 S.W.2d 284, 289 (Ky. 1998). *Beaven*, however, is inapplicable to this case for several reasons. First, its holding is limited to when a court applies the doctrine of *forum non conveniens* to transfer venue, which is not the case here. Second, since *Beaven*, this Court has limited the jurisdiction class of writs to those cases where the trial court acts without subject-matter jurisdiction, as opposed to other types of "jurisdiction," however misnamed.

Third, and most importantly, *Beaven* has been superseded by statute. *See Dollar General Stores, Ltd. v. Smith*, 237 S.W.3d 162, 166 (Ky. 2007) (discussing KRS 452.105). As noted by this Court, "[s]hortly after *Beaven v. McAnulty* was rendered, the General Assembly adopted KRS 452.105, a statute mandating trial court transfer of cases upon a determination that the venue selected is improper." KRS 452.105 is quite explicit: "In civil actions, when the judge of the court in which the case was filed determines that the court lacks venue to try the case due to an improper venue, the judge, upon motion of a party, shall transfer the case to the court with the proper venue."

5

Sandlin argues that this statute is inapplicable to his case because venue was proper in Russell County, and thus the trial court had no jurisdiction to transfer the case. This argument confuses jurisdiction with abuse of jurisdiction. It goes to the merits of his claim (that venue should not have been changed), not whether the trial court acted outside its jurisdiction. To allow Sandlin to obtain a no-jurisdiction writ in this manner would allow him to subvert the carefully crafted writ process by getting to the merits of his claim before determining the availability of the remedy.

The trial court in the underlying case concluded that venue was improper in Russell County. That was all that was required for KRS 452.105 to apply. The court's transfer of the case, then, was expressly authorized by statute. Any claim of error in applying the statute is exactly that: a claim of legal error, not a claim of lack of jurisdiction. Such a claim of error can only be addressed on appeal. Sandlin, therefore, cannot show that the trial court acted outside its jurisdiction, and no writ is available under the first class of cases identified in *Hoskins.*

The second class of writ requires a petitioner to show that he has no adequate remedy by appeal or otherwise and that great injustice and irreparable injury will result if the petition is not granted. We address only the first of these requirements because it disposes of this aspect of the case.

In his opening brief, Sandlin barely touches on the first prerequisite, at most reciting that this Court should find that his harm cannot be remedied on appeal without explaining or arguing *why* that should be the case and focusing instead only on the claimed immediate and irreparable harm. In his reply brief,

6

he argues that his showing of a burden on his ability to litigate the case satisfies this requirement. This is incorrect, and runs the requirement of great and irreparable injury together with the requirement of lack of an adequate remedy by appeal. They are separate inquiries. Indeed, this is why in "certain special cases," the requirement of great and irreparable injury may be set aside, *Bender*, 343 S.W.2d at 801, but that in all cases, the requirement of "[l]ack of an adequate remedy by appeal is an absolute prerequisite to the issuance of a writ under this second category," *Independent Order of Foresters v. Chauvin*, 175 S.W.3d 610, 615 (Ky. 2005). Failure to make this showing is fatal to the writ petition under the second class.

Lack of an adequate remedy by appeal "means that Appellant's injury 'could not thereafter be rectified in subsequent proceedings in the case.'" *Lee v. George*, 369 S.W.3d 29, 33 (Ky. 2012) (quoting *Independent Order of Foresters*, 175 S.W.3d at 615). But claims about venue, if not waived, may be raised on appeal. Indeed, for this reason, this Court has consistently held that "one aggrieved by a venue determination may not obtain a writ of prohibition, but must proceed by appeal from a final judgment." *Fritsch v. Caudill*, 146 S.W.3d 926, 928 (Ky. 2004) (quoting *Pettit*, 858 S.W.2d at 172); *see also Shumaker v. Paxton*, 613 S.W.2d 130 (Ky. 1981).

Because Sandlin cannot show the lack of an adequate remedy by appeal, a writ of prohibition is not available under the second class of cases identified in *Hoskins*.

### III. Conclusion

Because the remedy of a writ of prohibition is not available to the Appellant, John Sandlin, the decision of the Court of Appeals denying his petition is affirmed.

Minton, C.J.; Abramson, Cunningham, Keller, Noble and Venters, JJ., sitting. All concur.

COUNSEL FOR APPELLANT:

Robert L. Bertram
Derrick Giles Helm
Bertram & Wilson
One Monument Square
PO Box 25
Jamestown, Kentucky 42629

APPELLEE:

Honorable Vernon Miniard, Jr.
Circuit Judge, Russell Circuit Court
Courthouse
109 N. Main Street
PO Box 727
Monticello, Kentucky 42633

COUNSEL FOR REAL PARTY IN INTEREST:

Joel Randolph Smith
The Law Office of Joel R. Smith and Associates, PLLC
PO Box 1010
324 Monument Square
Jamestown, Kentucky 42629

Jeffrey Hall Hoover
Hoover Law Office
40 South Main Street
PO Box 985
Jamestown, Kentucky 42629