RENDERED: APRIL 27, 2023
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0424-MR

STEVEN RUSH ROMINES          APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2022-CA-0378
EDMONSON CIRCUIT COURT NO. 21-CI-00136

HONORABLE TIMOTHY R. COLEMAN         APPELLEE
EDMONSON CIRCUIT COURT

AND

JOHN MATTINGLY         REAL PARTY IN INTEREST/
APPELLEE

**OPINION OF THE COURT BY JUSTICE THOMPSON**

**<u>AFFIRMING</u>**

Upon denial of his motion to dismiss for improper venue, Steven Romines and Romines, Weis & Young, P.S.C. (Romines's law firm) brought an original action under Kentucky Rules of Civil Procedure (CR) 76.36[1] in the Court of Appeals seeking a writ to prohibit the Edmonson Circuit Court, Judge Timothy R. Coleman presiding, from proceeding with John Mattingly's defamation suit against Romines and his law firm. The Court of Appeals denied relief and

---

[1] This Rule was deleted by Order 2022-49, eff. 1-1-23 and replaced by CR 81 titled "Relief heretofore available by common law writs."

appellants appealed to this Court as a matter of right pursuant to Ky. Const. § 115. Having determined that Romines has an adequate remedy by appeal for all the errors he claims, and that no great and irreparable injury to the administration of justice will occur should the underlying matter proceed before the circuit court, we affirm the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises from the death of Breonna Taylor in Louisville which resulted in significant accusations of police misconduct, demands for accountability and policy changes, protests, property damage, injuries, arrests, at least one additional death, and considerable criminal and civil litigation.

On March 13, 2020, officers of the Louisville Metro Police Department executed a search warrant on Taylor's apartment. Mattingly was one of the officers executing the warrant. At the time, Kenneth Walker was in the apartment with Taylor. When officers breached the door of Taylor's apartment, Walker discharged a pistol striking Mattingly. Officers then returned fire striking Walker and fatally injuring Taylor.

Walker was criminally charged with shooting Mattingly, with Romines serving as his defense counsel. The Jefferson County Commonwealth Attorney eventually dismissed the charges against Walker.

Romines also represented Walker in two separate civil actions; one in the Jefferson Circuit Court and the other in federal court. In the state action, Walker named Mattingly individually as a defendant. Mattingly counterclaimed

2

against Walker for the personal injuries he had suffered resulting from being shot by Walker.

Following the filing of Mattingly's counterclaim, Romines made a responsive statement on a news report to WHAS TV, an ABC network affiliate in Louisville, which was published and then republished online by other outlets and individuals. Romines stated:

> One would think that breaking into the apartment, executing [Walker's] girlfriend and framing [Walker] for a crime in an effort to cover up her murder, would be enough for them. Yet this baseless attempt to further victimize and harass [Walker] indicates otherwise.

As a result of this statement, Mattingly filed a complaint in Edmonson County, where he resided, against both Romines and his law firm (collectively referred to hereafter as "Romines") alleging that Romines's statements constituted actionable defamation.

Romines publicly responded again and told a news reporter for the Courier Journal: "As I have said many times, it is a universal truth that liars, racists, and dirty cops all hate being exposed as liars, racists, and dirty cops."

Following the publication of that second statement, the circuit court granted Mattingly leave to amend to include the latest statement as another act of defamation by Romines.

Romines moved to dismiss the defamation action based on improper venue and a failure to state a claim upon which relief could be granted.

Following the circuit court's denial of his motion to dismiss, Romines filed a petition for a writ of mandamus or prohibition with the Kentucky Court

3

of Appeals requesting that it order the circuit court to either dismiss Mattingly's "unconstitutional lawsuit" with prejudice or order that Mattingly's suit be transferred to Jefferson County. The Court of Appeals denied the petition for a writ by an order dated September 1, 2022. Romines appealed to this Court.

Romines argues in support of a writ that Edmonson County is not the proper venue for Mattingly's claims, and that his defamation action should otherwise be barred by: (1) the First Amendment to the United States Constitution; (2) the judicial statements privilege; and (3) the "libel proof plaintiff doctrine."

## II.     ANALYSIS

In this action, Romines seeks extraordinary relief pursuant to CR 81. By its nature, extraordinary relief is reserved for circumstances where the right of appeal from a final judgment will be inadequate, or where a trial court's action will damage our judicial processes. Kentucky law in this arena is both well developed and firmly established.  In *Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961), the Court analyzed the law relating to extraordinary writs and counseled caution in entertaining petitions stating:

> This careful approach is necessary to prevent short-circuiting normal appeal procedure and to limit so far as possible interference with the proper and efficient operation of our circuit and other courts.  If this avenue of relief were open to all who considered themselves aggrieved by an interlocutory court order, we would face an impossible burden of nonappellate matters.

4

Furthermore, this Court has held that "the decision whether to grant a writ of prohibition lies in the sound discretion of the reviewing court." *Edwards v. Hickman,* 237 S.W.3d 183, 189 (Ky. 2007). While deference to such discretion falls aside when it has been established that the lower court would be acting outside its jurisdiction (*see, e.g., Hoskins v. Maricle,* 150 S.W.3d 1, 11 (Ky. 2004), *and Chamblee v. Rose,* 249 S.W.2d 775, 777 (Ky. 1952)), we have continually asserted that whether to grant the writ is still discretionary.

A petitioner's allegations of error alone do not justify extraordinary relief under CR 81. Under our standards a writ for extraordinary relief may only be granted upon a showing by the petitioner that: (1) that the lower court is proceeding or is about to proceed outside its jurisdiction and there is no remedy through an application to an intermediate court; or (2) the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted. *Cline v. Weddle,* 250 S.W.3d 330, 334 (Ky. 2008) (quoting from *Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004)).

In *Bender,* our predecessor Court analyzed these two distinct classes of cases in which appellate courts could grant extraordinary relief. The first class, acting without jurisdiction, is not found in this matter before us. As to the "second class," error within its jurisdiction, this Court explained the two-stage analysis to be performed:

5

> In the second class of cases relief ordinarily has not been granted unless the petitioner established, as conditions precedent, that he (a) had no adequate remedy by appeal or otherwise, *and* (b) would suffer great and irreparable injury (if error has been committed and relief denied). *See Manning v. Baxter,* 281 Ky. 659, 136 S.W.2d 1074; *Smith v. Shamburger,* 314 Ky. 850, 238 S.W.2d 844. This is a practical and convenient formula for determining, *prior to deciding the issue of alleged error,* if petitioner may avail himself of this remedy. As a general rule, if he has an adequate remedy by appeal or otherwise, or will not suffer great and irreparable injury, the petition should be dismissed forthwith.

*Bender,* 343 S.W.2d at 801.

After finding that a petitioner has passed test (a), the proper procedural method is to only then apply test (b) to determine whether or not the petitioner, even though lacking an alternate adequate remedy, will suffer great and irreparable injury. This means something of a "ruinous" nature. *Osborn v. Wolfford,* 239 Ky. 470, 39 S.W.2d 672, 673 (1931). Ordinarily if this cannot be shown, the petition will be dismissed.

From the foregoing, it should be clear that showing both lack of an adequate remedy by appeal **and** great and irreparable injury amount to a threshold for one seeking extraordinary relief based on error within the circuit court's jurisdiction. Until this threshold is met, questions of circuit court error do not arise. *Bender,* 343 S.W.2d at 801. Even then, the reviewing court still has the discretion to deny the writ, where prudence dictates doing so. *Edwards,* 237 S.W.3d at 189.

6

Lastly, under the rarest circumstances, this Court has entertained "certain special cases" where the petitioner has failed to make a specific showing of a "great and irreparable injury" under test (a). However, such will only occur when:

> [A] substantial miscarriage of justice will result if the lower court is proceeding erroneously, *and* correction of the error is necessary and appropriate in the interest of orderly judicial administration. It may be observed that in such a situation the court is recognizing that if it fails to act the administration of justice generally will suffer the great and irreparable injury.

*Bender,* 343 S.W.2d at 801.

## A. Venue

We will first address Romines' argument that Edmonson County is the wrong venue for Mattingly's alleged SLAPP[2] suit. We start by noting that circuit courts, as courts of general jurisdiction, have subject matter jurisdiction over defamation actions of the type here.[3] Therefore, since the jurisdiction of the Edmonson Circuit Court is not at issue, Romines must be able to convince this Court that he falls within the "second class" of writs and that there exists

---

[2] Romines alleges that Mattingly's defamation suit is a "Strategic Lawsuit Against Public Participation" which is a suit aimed at harassing, intimidating or silencing those who otherwise exercising their rights. In sum, Romines asserts that Mattingly's suit is not being prosecuted to vindicate himself, but was filed in order to silence, threaten, and intimidate Romines. Romines asks us to share these conclusions from a record that contains no substantive findings of fact or conclusions of law, but only the parties' antagonistic accusations.

[3] Kentucky Revised Statutes (KRS) 23A.010(1) states: "The Circuit Court is a court of general jurisdiction; it has original jurisdiction of all justiciable causes not exclusively vested in some other court."

no adequate remedy by appeal and great injustice and irreparable injury will result if his petition is not granted.

We have generally determined that a person aggrieved by a venue determination is confined to obtaining review only after a final judgment. *Pettit v. Raikes,* 858 S.W.2d 171 (Ky. 1993); *see also Martin v. Fuqua,* 539 S.W.2d 314 (Ky. 1976). As we have stated, "[w]e consider the remedy by appeal to be an adequate remedy if any error is committed as to venue." *City of Lexington v. Cox,* 481 S.W.2d 645, 547 (Ky. 1972).

Here, it is undisputed that when Romines made his allegedly defamatory statements he did so in Jefferson County. However, at those times Mattingly states he was a resident of Edmonson County. KRS 452.460(1) provides:

> Every other action for an injury to the person or property of the plaintiff, and every action for an injury to the character of the plaintiff, against a defendant residing in this state, must be brought in the county in which the defendant resides, or in which the injury is done. Provided, that in actions for libel the action shall be brought in the county in which the plaintiff resides or in the county in which the newspaper or publication is printed or published, or in the county in which the transaction or act or declaration to which the publication relates is stated, or purported to have been done or taken place.

The repetitive use of the conjunction "or" in our venue statute should make it plain that either Jefferson or Edmonson counties would be the proper venue for this action even if Romines's statements were considered libelous[4]

---

[4] While Kentucky commonly uses the umbrella term "defamation" regarding all claims for injury to one's reputation, our statutes and caselaw often still distinguish between slander, an oral or spoken defamation, and libel, is a written defamation. *Toler v. Sud-Chemie, Inc.,* 458 S.W.3d 276, 282 (Ky. 2014). *See also* KRS 413.140(1)

8

and we cannot therefore, at this juncture and with the record before us, authoritatively state that the circuit court acted erroneously in refusing to transfer this matter to Jefferson County.

From all the foregoing authority, we conclude that the venue, if it is an issue at all, is not ripe for appeal since there has been no final judgment entered in this case to finally resolve pending issues. We therefore find Romines cannot show either a lack of an adequate remedy by appeal or a great and irreparable injury and concur with the Court of Appeals.

## B. Claims of Immunity

Romines argues at length that the statements he made are protected by the First Amendment, that we should extend the judicial statements privilege to lawyers' statements made to the media outside the confines of pleadings or the courtroom, and that we should also adopt the "libel-proof plaintiff doctrine" and apply the same to Mattingly. Based on these "defenses," Romines asserts that this Court should order the circuit court to dismiss Mattingly's complaint.

What Romines is really attempting is not a writ petition, but an interlocutory appeal from a denial of a motion to dismiss which would be appropriate in only the most "rare cases[,]" *Baker v. Fields,* 543 S.W.3d 575, 577 (Ky. 2018,) where we would consider application of the collateral order doctrine. In *Commonwealth v. Farmer,* 423 S.W.3d 690 (Ky. 2014), we expounded on the parameters of the doctrine and explained that simply being

---

("The following actions shall be commenced within one (1) year after the cause of action accrued: (d) An action for libel or slander").

9

denied a claimed "immunity" was not sufficient. The collateral order doctrine requires an order that: (1) conclusively decides an important issue separate from the merits of the case; (2) is effectively unreviewable following final judgment; and (3) involves a substantial public interest that would be imperiled absent an immediate appeal. *Id.* at 696-97. We do not believe that case meets those stringent criteria.

We agree with the Court of Appeals which stated "the circuit court judge and a jury are readily equipped to determine [this matter]. On appeal, Romines would be able to argue those issues of law and how the facts apply to the law."

Asking this Court to expand the protections provided by privileges far beyond precedent, or to adopt and implement new immunities—by way of a writ petition—would fundamentally alter not only how this Court analyzes writs but would also dangerously transform how this Court entertains matters of first impression and extensions of our caselaw.

It is difficult to imagine a scenario where it would be appropriate for an appellate court to determine novel questions of law when there remain questions of fact with the relevant facts strongly disputed. This is especially true when the Court is faced with the type of limited record found in a writ action. As this Court previously stated, writ decisions are inherently difficult in large part because they "necessitate[ ] an abbreviated record," which "magnifies the chance of incorrect rulings that would prematurely and improperly cut off the rights of litigants." *Cox v. Braden,* 266 S.W.3d 792, 795 (Ky. 2008). "As such, the specter of injustice always hovers over writ proceedings, which

10

explains why courts of this Commonwealth are—and should be—loath to grant the extraordinary writs unless absolutely necessary." *Id.*

Romines, having both an adequate remedy by appeal and being unable to convince this Court that he would suffer a "great and irreparable injury" of the kind necessary to support a writ, we must decline to issue a writ on the basis of his claimed defenses.

## III. CONCLUSION

The adequacy of Romines's appellate remedies aside, Romines must still show that our denial of his petition would work a great and irreparable injury upon him—something he simply cannot do under the circumstances presented. A great and irreparable injury under our precedent is not merely the high cost of time and money attendant with litigation but, instead, is "something of a ruinous nature[,]" *Bender,* 343 S.W.2d at 801, or even "*incalculable damage* to the [petitioner] . . . either to the liberty of his person, or to his property rights, or other far-reaching and conjectural consequences." *Powell v. Graham,* 185 S.W.3d 624, 629 (Ky. 2006) (quoting *Litteral v. Woods,* 223 Ky. 582, 4 S.W.2d 395, 397 (1928)). We are unable to see such severe injuries here. No doubt, Romines is inconvenienced and annoyed by the circuit court's ruling and the necessity of defending his statements to the media moving forward with this litigation, but neither "inconvenience" nor "annoyance" constitute great and irreparable harm. *Fritsch v. Caudill,* 146 S.W.3d 926, 930 (Ky. 2004).

11

To rule otherwise would effect just the sort of "short-circuiting [of the] normal appeal procedure" and "interference with the proper and efficient operation of our circuit and other courts" which we have consistently warned against. *Bender*, 343 S.W.2d at 800.

For these reasons, a writ of prohibition is not available to remedy the errors alleged by Romines. The order of the Court of Appeals is therefore affirmed.

All sitting. All concur.


COUNSEL FOR APPELLANT STEVEN RUSH ROMINES:

R. Kenyon Meyer
Jeremy S. Rogers
Sarah D. Reddick
Dinsmore & Shohl LLP

COUNSEL FOR APPELLEE HONORABLE TIMOTHY R. COLEMAN:

Todd V. McMurtry
Hemmer DeFrank Wessels PLLC

APPELLEE:

Hon. Timothy R. Coleman, Judge

COUNSEL FOR AMICUS, KENTUCKY ASSOCIATION
OF CRIMINAL DEFENSE LAWYERS:

J. David Niehaus