## Watson v. Humphrey.

April 16, 1943.

Wilbur Fields for petitioner.

Churchill Humphrey for respondent.

OPINION BY CHIEF JUSTICE FULTON—Overruling writ of prohibition and dismissing petition.

In this original action in this court, seeking a writ of prohibition against the respondent, the allegations of the petition are in substance as follows. The peti-

tioner, E. A. H. Watson, obtained a judgment in the Jefferson circuit court on June 11, 1937 by which he was awarded a first and prior lien (excepting taxes) on real estate of the Chemical Fuel Company of America to secure him in the payment on a judgment for $1,500 and interest on which execution had been levied.

At the time this judgment was rendered an action was pending in the Jefferson circuit court by the Fidelity & Columbia Trust Company, trustee for certain bondholders, to foreclose a mortgage on the same real estate. A motion was made by the trustee to consolidate its action with the action of petitioner. This motion was overruled and an appeal was granted but not perfected.

On September 22, 1942, the Commonwealth of Kentucky filed an action to enforce its tax lien and the petitioner was made a party, being proceeded against by constructive service. On motion of the Fidelity & Columbia Trust Company, trustee, the action was consolidated with the trustee's action to enforce the mortgage. Judgment of sale was entered adjudging the taxes a first lien and the lien of Fidelity & Columbia as trustee superior to all others. Petitioner sought to file an answer, counterclaim and cross-petition in the consolidated action, setting up the priority of his lien as adjudged by the first-mentioned judgment, but the chancellor refused to permit it to be filed. The petitioner thereupon directed the master commissioner to advertise and sell the land under his judgment of June 11, 1937 and sale was advertised for March 1, 1943. Sale was also advertised for March 15, 1943, under the judgment of the Fidelity & Columbia Trust Company as trustee.

The commissioner then reported the situation to the court and the chancellor, after a hearing at which the petitioner did not appear (he being of the opinion that the court was proceeding beyond its jurisdiction), directed the commissioner to withdraw the sale under the petitioner's judgment and to proceed with the sale under the judgment held by the Fidelity & Columbia Trust Company as trustee pursuant to which the latter was granted a first and prior lien, taxes excepted.

It is alleged that the property is not worth more than $15,000 and that such action on the part of the respondent will, unless prohibited, result in subordinating the petitioner's judgment lien to the claimed lien of the

Fidelity & Columbia Trust Company as trustee and will cause the petitioner great and irreparable injury. The prayer of the petition is that a writ of prohibition be issued, directing the respondent to withdraw the judgment and order of sale in behalf of the trustee and to rescind the order directing the commissioner to withdraw the sale advertised under the petitioner's judgment.

The respondent has entered his appearance and in response to the petition sets up that he is confronted with a situation in which two judgments in his court conflict in adjudging priority of liens; that neither judgment is final in this particular and that final determination of priorities comes to light only when the money realized from the sale of the property comes to be distributed.

It is the petitioner's theory, however, that in ordering the sale under his judgment withdrawn the respondent was in effect setting aside the judgment of June, 1937 awarding the petitioner a first and prior lien and that in so doing he was acting beyond his jurisdiction since he had no power to set aside a judgment which had become final, more than sixty days having expired since its rendition. It is further contended that in any event the respondent is acting erroneously and that the petitioner will suffer great and irreparable injury. The petitioner also takes the position that the respondent is in error in assuming that finality of determination of priority of liens does not come to light until the money from the sale is withdrawn, it being his contention that his judgment of June, 1937 was final and appealable in this respect.

We find it unnecessary to decide whether the respondent is correct in the position taken by him as to the finality of the judgments in awarding priority since it clearly appears that the petitioner makes no showing entitling him to a writ of prohibition even though he be correct in his position as to the finality of his judgment.

In Manning v. Baxter, Judge, 281 Ky. 659, 136 S. W. (2d) 1074, 1075, the familiar rule as to the issuance of writs of prohibition from this court was stated as follows:

"The power conferred on this court by section 110 of the Constitution to exercise supervisory control over inferior courts by original writ has uniformly

been restricted to cases in which the inferior court (1) lacks jurisdiction or is proceeding beyond its jurisdiction and (2) is proceeding erroneously within its jurisdiction and great and irreparable injury will result to the complaining party for which there is no adequate remedy by appeal or otherwise.''

Even if the ultimate effect of the respondent's action is to set aside and nullify the judgment granting priority of lien to the petitioner, it is clear that he was not acting beyond his jurisdiction in so doing. The setting aside of a judgment and the effect to be given a judgment are matters within the jurisdiction of a circuit court. Jurisdiction in this connection means jurisdiction of the subject matter. Manning v. Baxter, Judge, supra; Cushing, Justice of the Peace, v. Doudistal et al., 278 Ky. 779, 129 S. W. (2d) 527. The respondent unquestionably had jurisdiction to decide whether a judgment should be vacated or set aside and to determine its ultimate effect and its conclusiveness as to other parties. He may have acted erroneously but he was not acting beyond his jurisdiction.

And, though it be conceded, arguendo, that the respondent set aside the petitioner's judgment of priority, the petitioner has an adequate remedy by appeal to correct the erroneous ruling. Each and every ruling made by respondent against petitioner was subject to correction by appeal and he therefore has adequate remedy without resort to prohibition. As indicated above, a writ of prohibition will not issue from this court to correct an erroneous ruling when there is an adequate remedy by appeal.

The motion for a writ of prohibition is overruled and the petition is dismissed.