**Harry L. SWAIM, Petitioner,**

v.

**H. Collis REID, Jr., Judge of Jefferson Circuit Court, Chancery Branch, Fourth Division, Respondent.**

Court of Appeals of Kentucky.

Feb. 3, 1961.

S. J. Stallings, Louisville, for petitioner.

Henry J. Burt, Jr., Louisville, for respondent.

WILLIAMS, Judge.

This is an original action in which the petitioner, Harry L. Swaim, seeks to prohibit respondent, H. Collis Reid, Jr., from entering an order requiring full disclosure of the nature and extent of the property and income of both husband and wife who are parties to a divorce action, and further requiring each party to submit copies of income tax returns for the past five years, audits, or other information in their possession or under their control, in order to make full disclosure.

Mildred F. Swaim has sued Harry L. Swaim in the Jefferson Circuit Court, seeking an absolute divorce and alimony. Harry L. Swaim has answered the complaint and counterclaimed for an absolute divorce and for property settlement. The case was assigned for trial to the Second Chancery Division presided over by Judge Stuart E. Lampe, who conducted a pre-trial conference. At that conference counsel for Mildred F. Swaim sought permission to take discovery deposition of Harry L. Swaim, or to have an accountant examine his holdings, or for an examination of his recent income tax returns. Harry L. Swaim objected to any disclosure proceedings and subsequently moved the court to vacate the bench, which was done. The case was then reassigned to the Fourth Chancery Division, H. Collis Reid, Jr., respondent herein, being the presiding judge. Another pre-trial conference was held, with the same request by Mildred F. Swaim and the same objection by Harry L. Swaim. Respondent thereupon ordered "each of the parties to this action make a full disclosure to the other of the nature and extent of all their property, their income, and each submit to the other copies of income tax returns for the last past five years, audits, or other information in their possession or under their control in order to make full disclosure." That order, which is a part of this record, further recites that counsel for Harry L. Swaim expressed his desire and intention to file a writ of prohibition in this Court, and, accordingly, the entry of that order is being withheld until such time as this Court rules on the petition for writ of prohibition.

Petitioner bases his right to a writ of prohibition on the case of Wiglesworth v. Wright, Ky., 269 S.W.2d 263. In that case the question of the right of one party to a divorce action to take testimony by deposition as if under cross-examination of the other party was considered in conjunction with KRS 421.210(1), which provides that, in an action for absolute divorce, neither party may be compelled to testify for or against the other. It was held there that the right to take testimony as if under cross-examination does not give the right to take incompetent testimony or to force responses to questions concerning matters which are privileged under the law.

In the Wiglesworth case the testimony to be taken would have been directed at the very heart of the divorce action. No appeal is permitted from that portion of a judgment granting a divorce. KRS 21.060(1)(b). In this case there is no effort to elicit any information pertaining to grounds for divorce. The facts ascertained would relate solely to disposition of property and alimony. A judgment relating to either of those points, of course, may be appealed.

Issuance of writs of prohibition has been restricted to cases in which the inferior court (1) lacks jurisdiction or is proceed-

ing beyond its jurisdiction, and (2) is proceeding erroneously within its jurisdiction and great and irreparable injury will result to the complaining party for which there is no adequate remedy by appeal or otherwise. Manning v. Baxter, 281 Ky. 659, 136 S.W.2d 1074; Watson v. Humphrey, 293 Ky. 839, 170 S.W.2d 865.

Petitioner earnestly and persuasively argues that the writ should be granted. The fact remains, however, that an adequate remedy by appeal exists whereby the injustice (if such it is) which he may suffer may be reviewed. Under the circumstances, the writ will not issue.

The petition for writ of prohibition is denied.