Connie **ROBERTSON** (Administratrix of the Estate of Ina Faye Wilson Harris), Appellant

v.

Honorable Jeffrey T. **BURDETTE**, Judge, Pulaski Circuit Court, Division II, Appellee

and

Lake Cumberland Regional Hospital, LLC, d/b/a Lake Cumberland Regional Hospital; Somerset Orthopedics, PLLC; Yasser A. Nadim, M.D.; Bluegrass Radiology Associates, Inc.; and Alberto Gonzalez, M.D., Real Parties in Interest.

No. 2012–SC–000387–MR.

Supreme Court of Kentucky.

Feb. 21, 2013.

Rehearing Denied May 23, 2013.

David Warner Mushlin, Mushlin & Vantrease, PLLC, Louisville, KY, William Daniel Nefzger, Bahe, Cook, Cantley & Nefzger, PLC, Counsel for Appellant.

Bryan Todd Thompson, Millicent Ann Tanner, Chad Owens Propst, Thompson,

Miller & Simpson, PLC, Louisville, KY, for Lake Cumberland Regional Hospital, LLC, d/b/a Lake Cumberland Regional Hospital, Real Party in Interest.

Joseph Carter Benton, Slone & Benton, PSC, Lexington, KY, for Somerset Orthopedics, PLLC, Real Party in Interest.

Pamela Adams Chesnut, Ronald L. Green, Green & Chesnut, PLLC, Lexington, KY, for Yasser A. Nadim, M.D., Real Party in Interest.

Steven Glenn Kinkel, Fulkerson, Kinkel & Marrs, PLLC, Shannon Michael Naish, Robinson & Epling, PSC, Lexington, KY, for Bluegrass Radiology Associates, Inc., Real Party in Interest.

Craig Louis Johnson, Whonsetler & Johnson, PLLC, Louisville, KY, for Alberto Gonzalez, M.D., Real Party In Interest.

Opinion of the Court by Justice
NOBLE.

The Appellant, Connie Robertson as Administratrix of the Estate of Ina Faye Wilson Harris, appeals the denial of a writ of prohibition. The trial court in this case disqualified the Appellant's chosen counsel and his law firm because he had previously represented the Appellee and Real Party in Interest Lake Cumberland Regional Hospital. The Appellant sought a writ of prohibition barring enforcement of the disqualification order, which was denied by the Court of Appeals, and now appeals to this Court. Because the Appellant has not shown one of the mandatory prerequisites to the availability of such a writ, this Court affirms.

## I. Background

The underlying suit arises from allegations of medical negligence that resulted in a patient's death. The representative of the patient's estate hired David Mushlin and William Nefzger, and their firm, Bahe, Cook, Cantley & Jones, to pursue a medical negligence claim against the hospital and several physicians. The defendants answered the complaint and discovery began.

Approximately three months into the litigation, the hospital moved the trial court to disqualify Mushlin and his law firm on the ground that Mushlin had previously represented the hospital and its parent company. As it turned out, Mushlin had worked eight years for Thompson, Miller, and Simpson PLC, a defense-oriented firm that represented the hospital, its parent company and several of that company's subsidiaries. Mushlin had worked on several cases for these various entities, including five negligence lawsuits involving Lake Cumberland Regional Hospital.

The trial court did not hear testimony as to the depth of Mushlin's representation or other involvement in those cases. However, various factual allegations and affidavits were filed with the court, and when asked whether additional information needed to be included in the record, the Appellant's counsel stated that the matter could be taken under submission at that point.

When it ruled a short time later, the court concluded that Mushlin's prior representation of the hospital, including in medical malpractice cases, was sufficient to create a conflict of interest under Rules of Professional Conduct 1.9(a) and 1.9(c)[1] or

---

1. Those rules state:
   (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
   . . .

at least the appearance of impropriety. In reaching that conclusion, the court noted that Mushlin had worked on 5 matters specifically for the hospital, had worked on at least 37 total matters for the hospital and related entities, had billed at least 844 hours for that work, and had worked with claims managers, in-house counsel and hospital personnel. This, the court reasoned, had given Mushlin insight into the hospital's litigation and settlement strategies and other "playbook knowledge."

The Court also noted that the other attorney, Nefzger, and the entire firm were conflicted under Rule 1.10(d) because Mushlin could not be effectively screened from the case and there was a great likelihood of his having constant contact with the other attorneys who would be working on the case in his stead. In reaching this conclusion, the court relied on the small size of the firm, which had only nine attorneys at the time.[2]

The trial court's order concluded by stating that there was no just cause for delay and that the order was final and appealable.

Forty-six days after this order was entered, the Appellant filed a petition for a writ of prohibition at the Court of Appeals. A majority of the panel, over a dissent, held that the Appellant had not shown the writ prerequisite of great injustice and irreparable injury, and thus denied the petition.

(c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
    (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
    (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

This appeal followed as a matter of right.

## II. Analysis

The Appellant's arguments have focused more on the merits of her claim that the trial court erred in disqualifying Mushlin and his firm. For example, she has argued that Mushlin was never the first chair on the cases for the hospital and that there was simply no proof in the record that he had insider knowledge that would give rise to a conflict of interest.

That discussion, however, is premature. When confronted with a petition for one of the extraordinary writs, or an appeal of one, the court's first task is to determine whether the remedy is even available. *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky.1961). This is done before looking at the merits of the petitioners' legal claim because extraordinary writs are disfavored. *Id.; see also Cox v. Braden*, 266 S.W.3d 792, 795 (Ky.2008). For this reason, "this Court has articulated a strict standard to determine whether the remedy of a writ is available." *Cox*, 266 S.W.3d at 796. That standard states:

A writ of prohibition *may* be granted upon a showing ... that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by ap-

2. It is worth noting that Appellant has informed this Court that Mushlin would no longer be employed with the firm as of August 2012. It appears that his departure has come to pass, since the cover pages of the briefs in this case show that he is working at a different firm now. It is therefore unclear whether there is any continuing impediment to Nefzger's or the firm's continuing to represent the Appellant.

peal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004).[3] Failure to show these prerequisites results in dismissal of the writ action. *Bender*, 343 S.W.2d at 801. The burden to make these showings is on the petitioner, which in this case was the Appellant.

■ This Court concludes that the Court of Appeals was correct that the Appellant has not shown great injustice and irreparable injury.[4] Admittedly, this Court has held in another case *Zurich Insurance Co. v. Knotts*, 52 S.W.3d 555 (Ky.2001), in context of a writ of mandamus, that the Court of Appeals had been correct in finding that disqualification of an attorney "would work a substantial hardship upon the [client] and would result in irreparable harm." *Id.* at 560. But that case presented different facts from this one. The attorney in *Knotts* was already deeply involved in the litigation, which was a bad faith claim, and had litigated the related negligence case "from its inception." *Id.* That attorney had "unique knowledge and familiarity with the underlying facts in that action," *id.* at 557, and "knowledge of the case no one else could duplicate," *id.* at 560. There was also a "degree of confidence and trust ... between the Knottses and [the lawyer]" that could "[ ]not be replaced." *Id.* Moreover, the conflict in that case was speculative, since it would only occur if the lawyer was called as a witness in the bad faith litigation.

Elsewhere, we have noted that disqualification is a drastic remedy that should be used sparingly, but that it is nevertheless appropriate in some cases. *Shoney's, Inc. v. Lewis*, 875 S.W.2d 514, 516 (Ky.1994). This is supported by the notion that "there is no unqualified right to ... choice of counsel," even for criminal defendants who are protected by the Sixth Amendment. *Commonwealth v. Maricle*, 10 S.W.3d 117, 121 (Ky.1999). The United States Supreme Court has also recognized this, noting that although the Sixth Amendment's guarantee of assistance of counsel also includes a right to counsel of one's choosing, that right is not absolute. *Wheat v. United States*, 486 U.S. 153, 164, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) ("The [trial court] must recognize a presumption in favor of petitioner's counsel of choice, but that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict. The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court."). But civil litigants cannot claim solace in the Sixth Amendment. *See Austin v. United States*, 509 U.S. 602, 608, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) ("The protections provided by the Sixth Amendment are explicitly confined to 'criminal prosecutions.' "). Thus, in a case such as this, where the litigants' dispute is civil in nature, there is not even a guarantee of counsel, much less choice of counsel. And where the concern is that the conflict stems from the lawyer's potential to reveal client confidences, "[m]aintaining public

---

**3.** The standard also describes a second category of writ case—where the court is or is about to exceed its jurisdiction—that is not applicable to this case.

**4.** While we have stated this is not an absolute prerequisite, unlike the lack of an adequate remedy by appeal, we allow an exception only for special cases to protect the orderly administration of the law and the justice system. *Cox v. Braden*, 266 S.W.3d 792, 797 (Ky. 2008). The Appellant has not claimed this is such a special case, nor is it one.

confidence in the legal system requires that preservation of client confidence should outweigh the interests of individual lawyers and individual clients in freely contracting with each other." *Lovell v. Winchester,* 941 S.W.2d 466, 468 (Ky.1997).

■ Ultimately, this Court concludes that the Appellant has not shown great injustice and irreparable injury. When Mushlin and his firm were disqualified, the litigation had been proceeding for less than six months. While some written discovery had been undertaken, no depositions had been taken when the hospital moved for the disqualification. Once the disqualification occurred, Appellant waited a month and a half to seek extraordinary relief.

■ Great injustice and irreparable injury requires "something of a ruinous nature," *Bender,* 343 S.W.2d at 801, or "*incalculable damage* to the applicant." *Powell v. Graham,* 185 S.W.3d 624, 629 (Ky.2006) (quoting *Litteral v. Woods,* 223 Ky. 582, 4 S.W.2d 395, 397 (1928)) (emphasis in original). Under the circumstances described above, the Appellant has failed to make this showing. No doubt, she will be inconvenienced and annoyed by the trial court's ruling, but "inconvenience" and "annoyance" are not great and irreparable harm. *Fritsch v. Caudill,* 146 S.W.3d 926, 930 (Ky.2004). And, while the trial will not proceed with her first choice of attorney, she will still be able to choose her advocate, and will receive a fair trial.

### III. Conclusion

The Appellant has failed to show that she will suffer great injustice and irreparable injury from the trial court's order disqualifying her lawyer and his former law firm from representing her. For that reason, a writ of prohibition is not available to remedy the wrong she alleges. The order

of the Court of Appeals is therefore affirmed.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., sitting. All concur.