# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRUARY 18, 2016
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2015-SC-000412-MR

THE ESTATE OF BESSIE ANDREW; RENA HARRIS, INDIVIDUALLY AND AS EXECUTRIX OF THE WILL OF BESSIE ANDREW; WALTER HARRIS; ROSETTA SHEPHERD, INDIVIDUALLY AND AS EXECUTRIX OF THE WILL OF BESSIE ANDREW; BUFFORD SHEPHERD; RELLA SMITH; RICHIE ANDREW; JEANETTE ANDREW; STACEY DAVIS; KATHLEEN DAVIS; REBECCA HALL; FRED HALL, JR.; WADE REEDER; SHEILA GILBERT; MICHAEL GILBERT; JEFFREY REEDER; JOAN REEDER; ANGELA ANDREW; AND MELINDA ANDREW

APPELLANTS

V.

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2015-CA-000719-OA
RUSSELL CIRCUIT COURT NO. 03-CI-00132

HONORABLE VERNON MINIARD, JR., JUDGE, RUSSELL CIRCUIT COURT

APPELLEE

AND

RASTIE ANDREW

REAL PARTY IN INTEREST

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

The trial court set aside, in part, a dismissal order. The Appellants sought a writ of prohibition, which the Court of Appeals denied. We affirm, although for different reasons.

## I. BACKGROUND.

In 2002, Rastie Andrew, the Real Party in Interest, filed civil action number 02-CI-00324 in Russell Circuit Court against his siblings and his mother's estate (the Estate) challenging the validity of his mother's will. In 2003, Andrew filed another action, number 03-CI-00132, in the same court seeking an award for services provided to his mother during her lifetime. Sometime thereafter, the Estate filed a counterclaim.[1]

Andrew's actions proceeded individually for seven years. On April 7, 2010, the court entered an order, captioned under both 02-CI-00324 and 03-CI-00132, consolidating the actions "into one civil action" but not identifying the consolidated action number.[2] It is unclear how the parties captioned their pleadings thereafter; however, more than two years later, Andrew filed a Notice of Voluntary Dismissal in action number 03-CI-00132, dismissing his "complaint in the above styled and numbered action." The court entered an order on September 11, 2012, dismissing Andrew's complaint with prejudice.

---

[1] Although the limited record on appeal does not contain the filing date, the nature of the counterclaim, or in which action it was filed, the trial court's April 1, 2015 Order makes reference to a counterclaim and neither party disputes its existence.

[2] The parties dispute whether this order was responsive to a motion. Andrew argues that the motion was entered *sua sponte*, while the Estate argues it was entered after a motion by Andrew; however, the Estate does not cite to or attach any such motion. The order states, "[t]he Court being sufficiently advised, . . . ." but does not make reference to a motion.

2

This order was captioned identically to Andrew's notice, containing only civil action number 03-CI-00132.

On April 1, 2015, the court entered a *sua sponte* notice, also under civil action number 03-CI-00132, providing as follows:

> Upon review of the file in the above action the Court discovered that the 02-CI-00325 [sic] and 03-CI-00132 cases were consolidated on April 7, 2010 under consolidation number 03-CI-00132. On September 11, 2012 [Andrew] noticed the Court of the voluntary dismissal of all claims in the above consolidated case.
>
> Also, on September 11, 2012 the Court dismissed all claims in the consolidated action of 03-CI-00132 with prejudice. Therefore, it appears as though the trial set for April 15, 2015 will be in regard to the counterclaim of [the Estate] only.
>
> If the parties do not agree with the Court's view on this matter and wish to be heard, please so advise.

Less than 10 days later, Andrew filed a response, disagreeing with the court's interpretation. Andrew argued that he never intended to dismiss his complaint in both actions but only in the action originally numbered 03-CI-00132, the claim for payment for services rendered. Andrew agreed that the court had consolidated the two actions but contested that the court had joined the actions under the consolidated number of 03-CI-00132. Thus, Andrew argued, when he filed his voluntary dismissal of his single complaint under civil action 03-CI-00132, he only meant for the court to dismiss that action and not civil action number 02-CI-00324, his original will contest action.

Following a reply by the Estate and a hearing, the court entered an order on April 17, 2015, setting aside the dismissal of the will contest. In so doing, the court found that Andrew did not intend to dismiss the will contest action

3

and because its earlier dismissal order was interlocutory in nature, the order was subject to revision.

The Estate sought a writ of prohibition from the Court of Appeals, arguing that the trial court lacked subject-matter jurisdiction to set aside the dismissal of the will contest when more than two years had passed following the order of dismissal. The Court denied the writ, finding that the order of dismissal lacked Kentucky Rules of Civil Procedure (CR) 54.02(1) finality language, and because the Estate's counterclaim was still pending, the order was interlocutory and subject to revision before the entry of final judgment. The Court also considered the Estate's argument that setting aside the dismissal was improper because no CR 60.02 motion had been filed. However, the Court rejected this argument, finding that a CR 60.02 motion was not necessary in light of CR 54.02's broad authorization permitting a trial court to revise an interlocutory order. The Estate now brings this appeal as a matter of right. CR 76.36(7)(a). We set forth additional facts as necessary below.

## II.  ANALYSIS.

"Courts of this Commonwealth are—and should be—loath to grant the extraordinary writs unless absolutely necessary." *Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008). As such, writs of prohibition are disfavored remedies. *Buckley v. Wilson*, 177 S.W.3d 778, 780 (Ky. 2005). Thus, we have held that a writ of prohibition may only be granted:

> upon a showing that (1) the lower court is proceeding or is about to
> proceed outside of its jurisdiction and there is no remedy through
> an application to an intermediate court; or (2) that the lower court
> is acting or is about to act erroneously, although within its

4

jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004), *as modified on denial of reh'g* (Dec. 16, 2004). The Estate argues that the trial court acted outside of its jurisdiction and also that setting aside the dismissal was erroneous; thus, we consider both classes of writ in turn.

## A.    First Class Writs.

The Estate argues that the trial court lost jurisdiction of the will contest claim when the court dismissed the claim and then reinstated it without cause. The Estate's argument is essentially that the trial court acted improperly and therefore acted outside its jurisdiction. We have previously held that "such an understanding of jurisdiction would effectively gut our procedures for appellate review because, under such an approach, the lower court would be proceeding outside its jurisdiction *every time* it made an erroneous decision, and so an extraordinary writ would be available for every alleged error." *Lee v. George*, 369 S.W.3d 29, 33 (Ky. 2012) (emphasis in original). Instead, jurisdiction, when used in the context of extraordinary writs, refers to subject-matter jurisdiction: "the authority not simply to hear this case but *this kind of case*." *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014) (emphasis in original) (citations and internal quotation marks omitted).

Here, the Estate has not and cannot point to any authority which divested the trial court of jurisdiction to hear a case of this kind, i.e. a will contest action. "The Circuit Court is a court of general jurisdiction; it has

5

original jurisdiction of all justiciable causes not exclusively vested in some other court." Kentucky Revised Statute (KRS) 23A.010(1). "District Court shall have exclusive jurisdiction in . . . . [m]atters involving probate, except matters contested in an adversary proceeding. Such adversary proceeding shall be filed in Circuit Court[.]" KRS 24A.120(2). Thus, because will contest claims are adversarial probate proceedings, Circuit Courts have original subject-matter jurisdiction. *West v. Goldstein*, 830 S.W.2d 379, 381 (Ky. 1992).

Furthermore, in at least two cases we have held that when a trial court decides whether to set aside a judgment or an order, the court is acting within its jurisdiction, and therefore a first class writ will not be available. *See Watson v. Humphrey*, 293 Ky. 839, 170 S.W.2d 865 (1943) and *Commonwealth v. Eckerle*, 470 S.W.3d 712 (Ky. 2015). In *Watson*, the petitioner argued that the circuit judge was without jurisdiction to set aside an earlier judgment— awarding the petitioner a first and prior lien—in order to address issues raised by a competing judgment involving the same property and entered in the same court. 170 S.W.2d at 865-66. Our predecessor Court denied the writ and held that the judge "unquestionably had jurisdiction to decide whether a judgment should be vacated or set aside and to determine its ultimate effect and its conclusiveness as to other parties. He may have acted erroneously but he was not acting beyond his jurisdiction." *Id.* at 866–67.

We relied on *Watson*'s precedent in *Eckerle*. There, the respondent judge set aside an order denying a motion to dismiss criminal charges on immunity grounds by a senior judge, presiding in her stead. 470 S.W.3d at 715. We

6

ultimately issued a writ because the respondent erred in not first considering the evidence of record as outlined in *Rodgers v. Commonwealth*, 285 S.W.3d 740 (Ky. 2009). *Id.* at 727. However, we dismissed the petitioner's first class writ argument, holding that the respondent "had the necessary subject-matter jurisdiction to set aside the prior order denying dismissal, just as she has the jurisdiction to revisit other interlocutory orders, when justified by the circumstances." *Id.* at 721 (citing *JPMorgan Chase Bank, N.A. v. Bluegrass Powerboats*, 424 S.W.3d 902, 909 (Ky. 2014)).

Therefore, because the trial court maintained proper subject-matter jurisdiction over the will contest claim at all times and because entry of an interlocutory order does not divest a court of subject-matter jurisdiction, this case does not fall into the first class of writ cases.

## B. Second Class Writs.

In the alternative, the Estate argues that the trial court erred when it set aside its dismissal of the will contest claim after more than two years of litigation and without a CR 60.02 motion from Andrew. However, before we can address the merits of the Estate's argument, the Estate, as the petitioner, bears the burden of showing the necessary prerequisites: (1) there exists no adequate remedy by appeal or otherwise and (2) great injustice and irreparable injury will result if the petition is not granted. *Robertson v. Burdette*, 397 S.W.3d 886, 889-90 (Ky. 2013). "Failure to show these prerequisites results in dismissal of the writ action." *Id.* at 890 (citing *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961)). We consider each of those prerequisites in turn.

7

## 1. *Adequate Remedy By Appeal or Otherwise.*

The Estate's only argument regarding the adequacy of a remedy by appeal or otherwise is that the trial court is requiring the Estate to expend time, resources, and money to defend a claim that had been previously dismissed. We are not persuaded by this argument for two reasons.

First, we have previously held that simply because a party "might be required to prosecute an appeal to protect its rights does not establish that it has no adequate remedy by appeal, just as we have similarly rejected another party's argument that an appeal could not remedy [that party] having to go to the expense of litigating its case at trial in the first place." *Estate of Cline v. Weddle*, 250 S.W.3d 330, 335 (Ky. 2008). In other words, expending time, resources, money, or any other "ordinary expense of litigation" does not render an appeal inadequate. *Sunbeam Corp. v. Dortch*, 313 S.W.3d 114, 117 (Ky. 2010).

Second, our predecessor Court denied issuing such a writ in a case almost directly on point. In *Karem v. Marquette*, 383 S.W.2d 127, 127 (Ky. 1964), the petitioner sought a writ of prohibition because the respondent judge set aside an order, dismissing the complaint of the real party in interest. In denying the writ, the Court recognized that the petitioner had an adequate remedy by appeal. *Id.* Furthermore, the Court also found that setting aside the dismissal was not erroneous because the earlier order did not contain CR 54.02 finality language and, therefore, was interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims. *Id.*

8

As did the petitioner in *Karem*, the Estate has failed to show that no adequate remedy exists by appeal or otherwise; thus, it has failed to show a mandatory prerequisite for granting a second class writ. Nevertheless, we briefly consider the magnitude of any injury for the sake of completeness.

## 2. *Great Injustice and Irreparable Injury.*

The Estate identifies two injustices or injuries which will occur if a writ is not granted: (1) the burden and expense of defending the will contest claim and (2) the relinquishment of evidence which would have been crucial to its defense. We disagree that these injuries amount to "something of a ruinous nature." *Bender*, 343 S.W.2d at 801.

As to the first claim of injury, we have held that "being forced to bear the cost of defending a lawsuit simply does not rise to the level of great and irreparable injury [.]" *Indep. Order of Foresters v. Chauvin*, 175 S.W.3d 610, 616 (Ky. 2005); *see also Fritsch v. Caudill*, 146 S.W.3d 926, 930 (Ky. 2004) ("As to great and irreparable injury, we see none. Inconvenience, expense, annoyance, and other undesirable aspects of litigation may be present, but great and irreparable injury is not.").

The Estate's second claim of injury is that it relinquished crucial evidence as a result of the claim being dismissed. The Estate contends that it failed to secure the testimony of two parties who have since died because it relied on the trial court's dismissal. We are not persuaded that this injury is great or irreparable. First, the Estate fails to identify exactly what the missing testimony would have been, whether it would have been admitted, and how it

9

would have been relevant to the will contest claim. Moreover, the Estate makes no argument that this testimony was unique to these parties and is not cumulative of other evidence. Second, Andrew filed the will contest claim in 2002, and the trial court entered the dismissal order in 2012. Even assuming that the Estate believed this order dismissed the will contest claim, the Estate had 10 years to secure the testimony of these two parties. While this Court is generally hesitant to evaluate litigation strategy, we are convinced that 10 years is more than a reasonable amount of time to secure the testimony of two witnesses who also happen to be parties. Thus, the Estate has failed to show a great injustice or irreparable injury will result if the petition is not granted.

Because the Estate has failed to show both prerequisites, this case does not satisfy the requirements for a second class writ, and we need not consider the merits of the Estate's alleged error.

### III. CONCLUSION.

For the reasons stated above, we affirm the Court of Appeals's denial of the Estate's petition for writ of prohibition.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Robert L. Bertram
Bertram & Wilson

COUNSEL FOR APPELLEE/REAL PARTY IN INTEREST:

Joel Randolph Smith
The Law Office of Joel R. Smith and Associates, PLLC