# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: MARCH 25, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

### 2020-SC-0495-MR

HAYNES TRUCKING, LLC; AND L-M
ASPHALT PARTNERS, LTD. D/B/A ATS
CONSTRUCTION

APPELLANTS

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-0762
FAYETTE CIRCUIT COURT NO. 10-CI-03986

HONORABLE ERNESTO M. SCORSONE,
FAYETTE CIRCUIT COURT JUDGE

APPELLEE

AND

WILLIAM E. ABNEY, CHARLES BUSSELL,
JAMES D. FETTERS, HARTFORD FIRE
INSURANCE COMPANY, JAMES MELVIN
HENSLEY, DANNY LAINHART, AND
TONY MITCHELL

REAL PARTIES IN INTEREST

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

This appeal arises out of a pending class-action lawsuit in which the

plaintiffs seek recovery for back pay and damages from Haynes Trucking, LLC

and L-M Asphalt Partners, Ltd. d/b/a ATS Construction (together called

Haynes Trucking") under the Kentucky Prevailing Wage Act (KPWA)[1] in connection with work on certain public works projects.[2]

The trial court issued partial summary judgment that held invalid and unenforceable 803 KAR[3] 1:055, the administrative regulation that limited the ambit of the KWPA's prevailing-wage to the "site of the project." Instead, the trial court ruled the KPWA's plain language required the prevailing wage to be paid for any work "under the contract" regardless of where it was performed.

The trial court did not designate its order as final and appealable, so Haynes Trucking sought review via an original action in the Court of Appeals, requesting a writ to prohibit the trial court from "invalidating the regulation . . . as to past work, wages, and contracts." In a well-reasoned opinion, the Court of Appeals declined to issue a writ, and Haynes Trucking has appealed to this Court as a matter of right.[4] We agree with the Court of Appeals' decision and affirm.

## I.  PROCEDURAL HISTORY AND BACKGROUND

In support of its application, Haynes Trucking argued that the trial court acted outside its subject-matter jurisdiction by granting the

---

[1] Kentucky Revised Statutes (KRS) 337.505–337.550.

[2] The facts of the underlying action are set out in *Hensley v. Haynes Trucking, LLC*, 549 S.W.3d 430 (Ky. 2018).

[3] Kentucky Administrative Regulation.

[4] Ky. Const. § 115 ("In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court . . . ."); Kentucky Rule of Civil Procedure (CR) 76.36(7)(a) ("An appeal may be taken to the Supreme Court as a matter of right from a judgment or final order in any proceeding originating in the Court of Appeals.").

partial summary judgment invalidating 803 KAR 1:055 when it (1) issued an ex post facto decision, lacking an actual and justiciable controversy after the repeal of the organic statute and the lapse of the administrative regulation while the underlying action pended, and (2) violated the doctrine of separation of powers and the contracts clause of the state and federal constitutions. Alternatively, or additionally, Haynes Trucking argues that even if the trial court was acting within its jurisdiction a writ lies because a direct appeal from a final judgment is an inadequate remedy.

## II. STANDARD OF REVIEW

A writ of prohibition is an extraordinary remedy.[5]  Courts are "decidedly loath to grant writs because a 'specter of injustice always hovers over writ proceedings.'"[6]  Our jurisprudence establishes a high bar for determining the availability of relief by way of a writ.[7]

Writ cases we "divide into two classes, which are distinguished by whether the inferior court allegedly is (1) acting without jurisdiction (which includes beyond its jurisdiction), or (2) acting erroneously within its jurisdiction."[8]  "Under the second class of cases, a writ 'may be granted upon a showing . . . that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal

---

[5] *See, e.g., Bender v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961).

[6] *Southern Fin. Life Ins. Co. v. Combs*, 413 S.W.3d 921, 925 (Ky. 2013) (citing *Cox v. Braden*, 266 S.W.3d 792, 795 (Ky. 2008)).

[7] *Hoskins v. Maricle*, 150 S.W.3d 1, 4 (Ky. 2004) (holding that the older, stricter standard applied in *Bender*, 343 S.W.2d at 800, and *Chamblee v. Rose*, 249 S.W.2d 775 (Ky. 1952), should govern writ proceedings).

[8] *Newell Enterprises, Inc. v. Bowling*, 158 S.W.3d 750, 754 (Ky. 2005) (citing *Bender*, 343 S.W.2d at 800) (internal quotation marks omitted).

3

or otherwise and great injustice and irreparable injury will result if the petition is not granted."[9] Haynes Trucking sought relief under both classes, and the Court of Appeals held that it failed to meet the requirements of either as a matter of law. So our review in this appeal is de novo.[10]

### III. ANALYSIS

**A. The circuit court acted within its jurisdiction, so a writ of the first class does not lie.**

Haynes Trucking seeks a writ of the first class by arguing the trial court lacked subject-matter jurisdiction to hold 803 KAR 1:055 invalid and unenforceable. It argues that the trial court proceeded without an actual controversy between the parties because the KWPA was repealed effective January 9, 2017, and 803 KAR 1:055 expired under a sunset provision on March 1, 2020, before the entry of the partial summary judgment on April 30, 2020, nullifying the regulation. We agree with the Court of Appeals that the trial court did not act outside its general subject-matter jurisdiction when it invalidated the regulation.

The Court of Appeals observed that general jurisdiction courts, like the trial court in the present case, have general subject-matter jurisdiction over the type of case presented in the underlying complaint herein—a claim for payment of past wages owed for the period 1995 to 2010 under statutes in existence at the relevant time. At the time the case was filed in 2010, there unquestionably

---

[9] *Id.* at 754 (citing *Hoskins,* 150 S.W.2d at 10.).

[10] *Grange Mut. Ins. Co. v. Trude,* 151 S.W.3d 803, 810 (Ky. 2004) (quoting *Bender*, 343 S.W.2d at 800).

was an actual controversy between the parties over whether the plaintiffs and putative class members were entitled to additional wages and other damages under the KWPA for work previously performed.

Haynes Trucking argues to us that the Court of Appeals' rationale misconstrued its argument. It is not arguing that "there was not a controversy when this matter was filed, but that there was no controversy as to the validity of the regulation when this matter was filed." But "[w]hether a court has subject-matter jurisdiction is determined at the beginning of a case, based on the type of case presented . . . . [A] court will retain jurisdiction over such a case so long as jurisdiction was proper in the first place . . . ."[11] Therefore, the circuit court had subject-matter jurisdiction over the case and the issues presented as they were raised. And once vested with subject-matter jurisdiction over a case, a court does not suddenly lose subject-matter jurisdiction by misconstruing or erroneously overlooking a statute or rule governing the litigation.[12]

Appellant cites *Jarvis v. National City*,[13] for the proposition that once a statute is repealed it no longer has any operative effect, and thus cannot create a controversy.[14] But petitioner fails to address a critical factor, which is that

---

[11] *Kelly v. Commonwealth*, 554 S.W.3d 854, 860 (Ky. 2018).

[12] *Daugherty v. Telek*, 366 S.W.3d 463, 467 (Ky. 2012).

[13] 410 S W 3d 148 (Ky. 2013).

[14] *Id.* at 154 ("Generally speaking, 'without a reenactment of the repealed law in substantially the same terms, and [with] no savings clause or general statute limiting the effect of the repeal, the repealed statute in regard to its operative effect, is considered as if it had never existed.'").

the operative law at the time the claim was filed governed the action. And if the regulation was inapplicable because it had been repealed, Haynes Trucking would not have filed a motion of summary judgment arguing its application geographically limited their potential prevailing-wage obligation. The trial court's action did not exceed its subject-matter jurisdiction by addressing the repealed regulation at issue in a matter before it. Because the circuit court had subject-matter jurisdiction to interpret a statute and its regulations at issue before them, petitioner's remaining arguments that the lower court exceeded its authority fail.

Haynes Trucking argues the trial court's invalidation of the regulation could have only been proper if the plaintiffs had sought relief below under the Declaratory Judgment Act.[15] Like the Court of Appeals, we disagree. The Declaratory Judgment Act allows a court to invalidate statutes when there is no actual case or controversy over it.[16] Haynes Trucking is correct that an action under the Declaratory Judgment Act would have vested the trial court with jurisdiction to invalidate the statute, but the Act was not the only means of doing so. As previously discussed, irrespective of the absence of citation to the Declaratory Judgment Act, the efficacy of the regulation and its relation to

---

[15] KRS 418.040.

[16] *Id.* ("In any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights, either alone or with other relief; and the court may make a binding declaration of rights, whether or not consequential relief is or could be asked.").

the KWA was an issue before the trial court.[17]  A court may properly rule on the validity of a statute when its meaning is at issue in a case in which the court's subject-matter jurisdiction has been invoked.[18]  Therefore, the circuit court had authority to invalidate the regulation regardless of the DJA.

Further, because a circuit court may properly interpret statutes at issue before it, the trial court's partial summary judgment did not infringe on the separation of powers doctrine.  Haynes Trucking contends that the trial court's invalidation of the regulation encroached on the powers of the executive and legislative branches of government because it was both an act of enforcement and an enactment of new law.  But invalidating a regulation through statutory interpretation is not an act of enforcement or outside the judiciary's power, but is one squarely within it.[19]  Additionally, as we said in *Harilson v. Shepherd*,[20] "interpretation of a statute . . . is in no way an encroachment on the legislative

[17] This is noted by the trial court's order: "All citations in this Order are to the Act as it existed at the time the Plaintiffs' complaint was filed." Additionally, the defendants do not argue that the law at the time the complaint was filed is not the controlling law, as their motion for partial summary judgment argued the regulation applied, even though it has since been repealed.

[18]*Baptist Convalescent Ctr, Inc. v. Boonespring Transitional Care Ctr, LLC*, 405 S. W.3d 498, 502–03 (Ky. App. 2012).

> In the case at hand, Boonespring's certificate of need was disapproved by the Cabinet because it determined that 900 KAR 6:075 was invalid as conflicting with KRS 216B.095(4).  And, the validity of 900 KAR 6:075 was strenuously argued by the parties in both the administrative proceedings and the circuit court action.  Thus, this legal issue was squarely presented to the circuit court for adjudication.  As a result, the validity of 900 KAR 6:075 constituted a legal issue that was both essential to resolution of the administrative appeals and ripe for adjudication by the circuit court.

[19] *Harilson v. Shepherd*, 585 S.W.3d 748, 757 (Ky. 2019).

[20] *Id.*

function, it is a quintessentially judicial function."[21] While the statute has been repealed since litigation in this matter began, the statute was operative at the time the underlying claims were filed.[22] The trial court acted properly in interpreting the statute, although it no longer exists, because the issues raised by the parties' motions centered on its meaning.

Haynes Trucking lastly argues that the circuit court exceeded its authority because the order violated the Contracts Clause, but this argument fails for the same reason as above. Violations of the Contracts Clause only arise when the legislature creates a statute that impairs already existing contracts.[23] In invalidating the regulation, the circuit court did not enact legislation, but interpreted a statute, a classically judicial function. While the trial court's interpretation of the regulation certainly affects the claims in the case at hand, its authority to do so was properly exercised. Because the invalidation of the regulation did not make new law, it did not infringe on the Contracts Clause.

In sum, we find that the trial court had the authority to hold 803 KAR 1:055 invalid. The regulation was at issue in a case, and the judiciary may interpret statutes that are determinative of the matters before it. We find the

---

[21] *Id.*

[22] *Baptist Convalescent Center*, at 502–03.

[23] U.S. Const. Art. 1 § 10; Ky. Const. § 19; *Maze v. Board of Dirs. for Commonwealth Postsecondary Educ. Prepaid Tuition Trust Fund*, 559 S.W.3d 354 (Ky. 2018) (discussing at length the Contracts Clause and when it is infringed upon).

trial court did not exceed its jurisdiction and that Petitioner has failed to meet the requirements for the first class of writ of prohibition.

## B. Haynes Trucking has an adequate remedy on appeal, so a second-class writ is not available.

Haynes Trucking has failed to show the trial court acted without jurisdiction, so for this Court to consider the merits of its petition for the second class of writ, it must show the lower court's error will result in great injustice or irreparable harm that cannot be adequately rectified by appeal or otherwise.[24] The alleged harm must be of "ruinous nature,"[25] not merely costly or an inconvenience.[26] This Court may also find the remedy by appeal or otherwise to be inadequate because the lower court's error will result in a substantial miscarriage of the administration of justice, but we seldomly find such circumstances.[27] In sum, for this Court to issue a writ of prohibition of the second class, Haynes Trucking must show that the order is a substantial miscarriage of the administration of justice or that it will suffer irreparable injury. We find it has failed to demonstrate either, as it may obtain an adequate remedy through appeal and no irreparable harm or substantial disruption to justice will occur.

---

[24] *Hoskins*,150 S.W.3d at 10.

[25] *Bender*, at 801.

[26] *See Robertson v. Burdette*, 397 S.W.3d 886, 891 (Ky. 2013) (citing *Fritsch v. Caudill*, 146 S.W.3d 926, 930 (Ky. 2004)).

[27] *Grange Mut. Ins. Co. v. Trude*, 151 S W 3d 803, 808 (Ky. 2004) (refusing to issue a writ of prohibition except for where a special discovery standard applied, which replaced the usual irreparable harm standard).

Haynes Trucking has a clear remedy by way of appeal after the litigation concludes. It argues the remedy is inadequate because of the irreparable harm that will occur because 1) the trial court retroactively invalidated a regulation relied on by thousands of businesses, which is a substantial miscarriage of the administration of justice; 2) the time between its judgment and an eventual appeal leaves Kentuckians unable to rely on express regulations, causing a similar harm; 3) the order will cause Haynes Trucking's employees to not trust them, a form of reputational damage; 4) the passage of time cannot be remedied by appeal; and 5) because this case might settle, direct appeal will not likely be pursued.

We find this list of potential harms insufficient for the issuance of a writ. The remedy by direct appeal is adequate for the alleged injuries because they are potential consequences of the normal litigation process and because they are speculative. The passage of time is a matter of concern in any litigation. Other than those parties who are afforded the issuance of a writ, litigants are generally required to wait until litigation concludes before bringing an appeal.[28] Additionally, foregoing the opportunity to appeal because of settlement is another ordinary result of litigation.[29] As this Court has repeatedly held, a writ

---

[28] *Lee v. George*, 369 S.W.3d 29, 34 (Ky. 2012) ("This Court has repeatedly held that the delay and expense of appeals does not constitute irreparable injury or render remedy by appeal inadequate"); *See Buckley v. Wilson*, 177 S.W.3d 778, 781 (Ky. 2005) (holding that the delays inherent in every lawsuit and appeal do not constitute inadequate remedy by appeal).

[29] *Fayette Cty Farm Bureau Fed'n v. Martin*, 758 S.W.2d 713, 714 (Ky. App.1988) ("That a party will be exposed to the inconvenience and cost of litigation does not alone justify immediate review of an otherwise nonfinal order.").

of prohibition is "not a substitute for the appellate process" and can be "assessed in the ordinary course of trial and appeal."[30]

Overall, the harms alleged are largely consequences of the normal litigation process and do not amount to irreparable injury necessitating the issuance of a writ. While some harms alleged by Haynes are unique to the case, such as the potential reputational damage they may suffer because of the order, all this is speculative, and a writ will not be issued to address speculative harms.[31]

## IV. CONCLUSION

We affirm the Court of Appeals' decision to deny the writ.

All sitting. All concur.

COUNSEL FOR APPELLANTS:

Robert Edwin Maclin, III
Scott Alexander Schuette
Jon Allen Woodall
Brendan Reynolds Yates
Katherine Kilkeary Yunker
McBrayer, PLLC

Honorable Ernesto M. Scorsone, Judge
Fayette Circuit Court

COUNSEL FOR REAL PARTIES IN INTEREST: WILLIAM E. ABNEY, CHARLES BUSSELL JAMES D. FETTERS, JAMES MELVIN HENSLEY, DANNY LAINHART, AND TONY MITCHELL:

---

[30] *Com. v. Shepherd*, 366 S.W. 3d 1, 9 (Ky. 2012); *Green Valley Envt'l Corp. v. Clay*, 798 S W 2d 141, 144 (Ky. 1990).

[31] *Ridgeway Nursing & Rehab. Facility, LLC v. Lane,* 415 S.W.3d 635, 641 (Ky. 2013) (holding allegations of harm to the defendant from arguably impermissible interviews of its employees conducted by the plaintiff's investigator were too speculative to support issuance of a writ).

11

Brent L. Caldwell
Noel Embry Caldwell
Caldwell Law Firm, PLLC

Bryce Lowry Caldwell
Attorney-at-Law, PLLC

William R. Garmer
Jerome Park Prather
Garmer and Prather, PLLC

David Michael Stout
Stout Law Office, PSC

COUNSEL FOR REAL PARTIES IN INTEREST: HARTFORD FIRE INSURANCE COMPANY:

J. Andrew Inman
LaToi D. Mayo
Littler Mendelson, PSC.